# John J Marshall
## 6800 Paragon Place   Suite 202
## Richmond, VA  23230-1656

Phone    804-285-0807
Fax        804-452-7492

Email JMarshall@JMPartnersLLC.com

April 20, 2019

US Bankruptcy Court
ATTN: Clerks Office
50 Walnut Street
Newark, NJ 07102

RE:      CASE # 18-17673 Laura Nicoleau-Berman

Gentlemen;

I feel that there are flaws with the Order denying my Motion for the recovery of unclaimed funds on behalf of myself, **_John J. Marshall, pro se, as Assignee of Laura Nicoleau-Berman._**

Specifically, there are two problems:

(a) You failed to provide me service with the Order. I only found out about it by logging into the case today when checking on items that should have been acted on some time ago (such as this item). Turns out it was acted on in a timely fashion, but again you failed to notice me of that fact, or serve the Order itself on me. Please insure you update your records/system such that service is achieved in the future.

(b) In terms of the Order itself, there are three reasons noted as the cause of the denial. I address each one below:

(1) That I failed to demonstrate that the Debtor had authority to make an assignment: This case was originally filed as a Chapter 13 case. Subsequent to conversion, the terminated Chapter 13 Trustee remitted the remaining Surplus Funds to the Debtor as required, but the Debtor did not receive the check as she had changed addresses and failed to update the Trustee. The Debtor, who remains the Debtor in Possession in the instant Chapter 11 case, was and is unquestionably entitled to receive the funds as they were clearly shown on the Chapter 13 Trustee's final report as being Surplus Funds refunded to the Debtor. As the owner of the Surplus Funds, the Debtor, acting now as Debtor in Possession, has the legal right to sell and assign her rights to the Surplus Funds as a normal course of business matter of asset administration.

(2) That I failed to demonstrate that the Debtor was legally entitled to receive the unclaimed funds: As noted above – and as is docketed in the instant case at # 42 on 10/23/18 in the TFR – the funds were Surplus Funds to be returned to the Debtor, making her legally entitled to the funds. Further, at docket entry #53 on 11/19/18, the Chapter 13 Trustee clearly deposited the funds with the Court as they were "undeliverable."

(3) That I failed to adequately explain the history of the funds and the Debtor's relationship thereto: This is clearly a flawed view, since my Motion founds at Docket #62 entered on 1/23/19 contained ample and sufficient evidence of the history, the Debtor's rights, and the Assignment to me.

In short, I paid the Debtor for the rights - which rights, by the evidence on this Court's docket and as referenced above – should not be in question. As the Assignee and thus legal owner of those rights, I would respectfully ask that the Motion be reconsidered and properly approved.

I do not have any objection to resubmitting a new Motion – but since all the information is already on the docket, and given the flaws noted above, I think it would be appropriate for the Court to address these matters first,

since it is difficult to understand what additional items the Court could reasonably require to prove that which is proven by items already in your possession.

If there are any questions please contact me by email (preferred), phone, fax or regular mail, all as listed above.

Very truly yours,

John J. Marshall

cc:      File # 92301