Andrea Silverman, Esq.
Andrea Silverman, PC
150 River Road, O2B
Montville, NJ 07045
(973) 794-3960
Attorneys for Debtor
Bar ID 01864004

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>Laura Nicoleau-Berman,<br><br>Debtor. | Case No. 18 - 17673<br><br>Hon. Stacey L. Meisel,<br>U.S.B.J.<br><br>Chapter 11 |

**ORIGINAL PLAN OF DEBTOR, LAURA NICOLEAU-BERMAN**

Debtor/Plan Proponent respectfully submits its Plan of Reorganization pursuant to Chapter 11, Title 11 of

The United States Code, in the form annexed hereto and made a part hereof.

LAURA NICOLEAU-BERMAN

By:____/s/ Laura Nicoleau-Berman

Dated: 05/03/2019

TABLE OF CONTENTS

Page

I.   INTRODUCTION ……………………………………………………………………  3

II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

     A. General Overview……………………………………………………………… … 3
     B. Definitions………………………………………………………………………..3
          1. Unclassified Claims……………………………………………………  …3
          2. Administrative Expenses and Fees……………………………………….  …4
          3. Priority Tax Claims……………………………………………………….  …4
     C. Classified Claims and Interests…………………………………………………..5
          1. Classes of Secured Claims……………………………………………………5
          2. Priority Non-Tax Claims………………………………………………….  6
          3. Class of General Unsecured Claims……………………………………….  6
     D. Acceptance or Rejection of Plan…………………………………………………….7
     E. Means of Effectuating the Plan…………………………………………………….8
          1. Funding the Plan…………………………………………………………  8
          2. Post Confirmation Management……………………………………………..8
          3. Disbursing Agent……………………………………………………………   ..8

III. TREATMENT OF MISCELLANEOUS ITEMS
     A. Executory Contracts and Unexpired Leases…………………………………….8
          1. Assumptions/Rejections

IV.  EFFECT OF CONFIRMATION OF PLAN……………………………………………… 8
     A. Discharge……………………………………………………………………………. 8
     B. Revesting of Property in the Debtor……………………………………………….. 8
     C. Modification of Plan…………………………………………………………………... 9
     D. Post Confirmation Conversion/Dismissal……………………………………………  9
     E. Post Confirmation Quarterly Fees……………………………........................................ 9

# INTRODUCTION

Laura Nicoleau-Berman is the Debtor in a Chapter 11 bankruptcy case. On May 25, 2018, the Debtor filed a Chapter 13 bankruptcy case, which was converted to a Chapter 11 on September 27, 2019 because the Debtor was over the secured debt limits of a Chapter 13. This documents is the Chapter 11 plan ("Plan") proposed by the Debtor. Sent to you in the same envelope as this documents is the Original Disclosure Staetment which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan by one or more of the following:
1. Rental Income from Debtor's Real Property
2. Contribution to Debtor's Income
3. Possible sale of unencumbered motor vehicles

The Effective Date of the proposed Plan is _____.

II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A. General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

B. Definitions
Scope of Definitions: For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not other defined shall have the meanings assigned to them in this Section of the Plan. IN all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in this Plan. The definitions that follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the Code.

1. **Administrative Claimant**: Any person entitled to payment of an Administration Expense.

2. **Administrative Convenience Class:** A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

    a. **Administrative Expense**: Any cost or expense of administration of the Chapter 11 case entitled to priority under Section 507(a)(2) of the Code and allowed under Section 503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor under Chapter 123, Title 28, United States Code.

3. **Administrative Tax Claim**: Any tax incurred pursuant to Section 503(b)(1)(B) of the Code.

4. **Allowed Claim**: Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a) a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party in interest, including the Debtor, does not timely file an objection, or (ii) is allowed by a Final Order.

    a. **Allowed Priority Tax Claim**: A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| Internal Revenue Service | 2017 Estimated Claim | Unimpaired | Paid in Full through Plan $5054.00 |
|  |  |  |  |

    b. **Allowed Secured Claim**: Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|

| Secured | | (Yes or No) | | |
|---|---|---|---|---|
| Kondaur Capital | Mortgage 279 Dune Road, Apt. 5 Westhampton, NY 11978<br>Claim: $276,0000.00<br>Arrears $ | No | Unimpaired | Loan Modification thru LMP by 6/2019. APP in amount of $2,514.34 paid directly to Kondaur outside plan. No arrears to be paid during LMP |
| M&T Bank | Mortgage on 7 Warner Road, Fredon, NJ 07860<br>Claim : $488,193.55<br>Arrears:$ | No | Unimpaired | Loan Modification thru LMP by 6/2019. APP in amount of $3485.56 paid directly to M&T outside plan, no arrears paid during LMP |
| Farm Credit East | Mortgage on 735 Manor Lane, Riverhead, NY 11901<br>Claim: $451,936.25<br>No arrears | No | Unimpaired | Regular mortgage payment ($3100.00) to be paid directly to Farm Credit. |

    c. **Allowed Unsecured Claim**: An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or
    d. Debtor-in-Possession shall be entitled on the Confirmation Date.

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| Unsecured | General Unsecured Class- $64,157.32 (see attached schedule F)<br><br>Student Loans -$19,822.45 | UnImpaired<br><br>unimpaired | Monthly Pmt = $1800.00<br>Pmts Begin =2/1/2019<br>Pmts End =2/1/2024<br>[Total Paid in) =$108,000.00<br>Estimated = _100_%<br>percent of claims paid |
| | | | |

    e. **Bankruptcy Code or Code**: The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

  **5. Bankruptcy Court**: The United States Bankruptcy Court for the District of New Jersey.

6. **Bankruptcy Rules**: The Federal Rules of Bankruptcy Procedure.

   a. **Cash**: Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

   b. **Chapter 11 Case**: This case under chapter 11 of the Bankruptcy Code in which Laura Nicoleau-Berman is the Debtor-in-Possession.

7. **Claim**: Any "right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5).

8. **Class**: A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

   a. **Committee**: Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

   b. **Confirmation**: The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

   c. **Confirmation Date**: The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

   d. **Confirmation Hearing**: The hearing to be held on_____, 2019 to consider confirmation of the Plan.

   e. **Confirmation Order**: An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

   f. **Creditor**: Any person who has a Claim against the Debtor that

6

arose on or before the Petition Date.

g. **Debtor** and **Debtor-in-Possession**: Laura Nicoleau-Berman, the debtor-in-possession in this Chapter 11 Case.

h. **Disclosure Statement:** The Disclosure Statement served by the Plan Proponent in connection with this Plan.

i. **Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

j. **Distributions**: The property required by the Plan to be distributed to the holders of Allowed Claims.

9. **Effective Date**: _____

[D.N.J. LBR 3016-1(b) provides that "Unless a plan provides otherwise, its effective date shall be the date on which the order of confirmation becomes final." Therefore, only the date needs to inserted here unless the plan provides for a different Effective Date than defined by
D.N.J. LBR 3016-1(b)].

a. **Executory Contracts**: All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

b. **Final Order**: An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

10. **IRC**: The Internal Revenue Code

11. **Petition Date**: September 27, 2018, the date the chapter 11 petition for relief was filed.

a. **Plan**: This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

b. **Plan Proponent**: The individual or entity that has filed this Combined Plan and Disclosure Statement.

c. **Priority Tax Claim**: Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

**12. Reorganized Debtor**: The Debtor after the Effective Date.

    a. **Schedules**: Schedules and Statement of Financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

    b. **Secured Creditor**: Any Creditor that holds a Claim that is secured by property of the Debtor.

    c. **Unsecured Creditor**: Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

**13. <u>Means for Effectuating the Plan.</u>**

The Debtor will continue to receive rental income from her properties and the remainder of the Plan will be funded with a contribution from Laurence Braunstein.

On Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have sufficient cash on hand to make the payments required on the Effective Date.

As provided in Paragraph 2.1 of this Original Disclosure Statement, all United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or before the Effective Date, by the Debtor. All United States Trustee Fees which accrue post-Effective Date shall be paid in full on a timely basis by the Debtor prior to the Debtor's case being closed, converted or dismissed.

Funding of the Plan: Debtor's projected disposable income (projected to be $1,500.00/month for the <u>60</u> months(s) following confirmation); and Rental Income from Income Producing Properties of Debtor:

### <u>i. Disbursing Agent.</u>

Distributions to Creditors provided for in this Plan will be made by <u>Debtor In Possession</u>

### III
### EFFECT OF CONRIMATION OF THE PLAN

**<u>Discharge.</u>**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor

will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.  Any liability imposed by the Plan will NOT be discharged.  If Confirmation of the Plan shall does not occur or if, after Confirmation occurs, the Debtor elects to terminate the Plan, the Plan shall be deemed null and void.  IN such even, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate.  The provisions of the Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders, regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept the Plan, upon Confirmation thereof.

### Revesting of Property in the Debtor

Except as provided by the Plan, the confirmation of the Plan revests all of the property of the estate of the Debtor.

### Modification of the Plan

The Proponent may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting of the Plan if Proponent modified the Plan before confirmation.

The Proponent may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.  Proponent further reserves the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long a no other Creditors are materially adversely affected.

### Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under Section 1112(b), after the Plan is confirmed, if there is a default in performance of the Plan or if cause exists under Section 1112(b).  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that has been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during the case.

Quarterly fees pursuant to 28 U.S.C. §1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

Date:5/03/2019

/s/ Laura Nicoleau-Berman

Laura Nicoleau-Berman, Debtor/Proponent

9