| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | Order Filed on September 11, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey |

In Re:

    LAURA NICOLEAU-BERMAN,

                  Debtor.

Case No.:       18-17673-SLM

Hearing Date:  July 22, 2019

Judge:          Stacey L. Meisel

Chapter:        11

# ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PAYMENT OF UNCLAIMED FUNDS

    The relief set forth on the following pages, numbered two (2) through    5    is **ORDERED**.

**DATED: September 11, 2019**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

1

**THIS MATTER** having been brought before the Court by a *Motion for Reconsideration* ("**Reconsideration Motion**") having been filed on June 17, 2019 by movant John J. Marshall ("**Movant**"), *pro se* (Docket No. 90), for entry of an order vacating the March 8, 2019 Order denying Movant's *Motion for Disbursement of Unclaimed Funds* ("**Disbursement Motion**") (Docket No. 77); and the Court having considered the papers submitted; and for good cause shown;

**WHEREAS** on April 17, 2018, Debtor Laura Nicoleau-Berman ("**Debtor**") filed a Chapter 13 petition (Docket No. 1);

**WHEREAS** on August 17, 2018, Debtor filed the *Motion to Convert Case to Chapter 11* ("**Motion to Convert**") (Docket No. 30) because she did not meet the debt limit requirements set out in 11 U.S.C. § 109(e);

**WHEREAS** on September 25, 2018, the Court entered an *Order Granting Motion to Convert Case to Chapter 11* (Docket No. 38);

**WHEREAS** on October 23, 2018, the Chapter 13 Trustee filed the *Chapter 13 Standing Trustee's Final Report and Account* (Docket No. 42);

**WHEREAS** on November 19, 2018, the Chapter 13 Trustee filed a *Notice Depositing Unclaimed Funds Pursuant to D.N.J. LBR 7067-1* stating that $3,427.20 in unclaimed funds (the "**Unclaimed Funds**") were mailed to Debtor at 7 Warner Road, Newton, NJ 07860, which is the address listed on Debtor's petition (Docket No. 53);

**WHEREAS** on December 10, 2018, Debtor filed a *Change of Address* (Docket No. 58);

**WHEREAS** Debtor entered into a *Purchase Agreement & Assignment of Interest* ("**Purchase Agreement**") with Movant on January 7, 2019 (Docket No. 62-4);

**WHEREAS** the Purchase Agreement memorialized a purchase price of $3,015.93 in exchange for the assignment of the Unclaimed Funds (Docket No. 62-4);

2

**WHEREAS** Debtor failed to obtain Court approval to enter into the Purchase Agreement;

**WHEREAS** on January 15, 2019, Debtor signed a *Bill of Sale* ("**Bill of Sale**");

**WHEREAS** Movant filed the Disbursement Motion on January 23, 2019 requesting the Court disburse the Unclaimed Funds to Movant (Docket No. 62);

**WHEREAS** on March 8, 2019, the Court entered an Order denying the Disbursement Motion ("**Denial Order**") (Docket No. 77);

**WHEREAS** the Denial Order states that "Movant failed to adequately demonstrate that: (1) the Debtor had authority to make an assignment; and (2) Debtor was legally entitled to receive the unclaimed funds in question; and (3) failed to adequately explain the history of the funds and the Debtor's relationship thereto." (Docket No. 77);

**WHEREAS** on April 26, 2019, Movant filed an *Objection to Order Denying Motion for Payment of Unclaimed Funds* (Docket No. 80);

**WHEREAS** the Court entered a Notice of Receipt of Letter Requesting Relief on April 29, 2019, which directed Movant to file a formal motion (Docket No. 81);

**WHEREAS** on June 17, 2019, Movant filed the Reconsideration Motion (Docket No. 90);

**WHEREAS**, due to administrative error, the Court inadvertently did not serve Debtor with the Denial Order;

**WHEREAS**, as a result of the mistake, the Court permitted Movant's untimely filed Reconsideration Motion;

**WHEREAS** the Reconsideration Motion argues the validity of the Debtor's assignment of the Unclaimed Funds;

**WHEREAS** Courts generally review reconsideration motions under Federal Rules of Civil Procedure 59 and 60, made applicable by Federal Rules of Bankruptcy Procedure 9023 and 9024;

**WHEREAS**, in reviewing under Federal Rule of Civil Procedure 59, courts generally grant a motion for reconsideration if one of the following three scenarios are present: "(1) [a]n intervening change of controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice," *Singer v. Heckler*, 738 Fed.Appx. 88, 90 (3d Cir. 2018) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010));

**WHEREAS**, in reviewing under Federal Rule of Civil Procedure 60, courts may grant a motion for reconsideration of an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b);

**WHEREAS** Movant failed to show that he is entitled to reconsideration of the Denial Order pursuant to either Federal Rule of Civil Procedure 59 or 60;

**WHEREAS** Movant failed to demonstrate that Debtor was authorized to make the assignment of Unclaimed Funds during her pending Chapter 11 bankruptcy case;

**WHEREAS** Movant failed to demonstrate that the assignment was not an unauthorized post-petition transfer under 11 U.S.C. § 549;

**WHEREAS** Movant failed to demonstrate that Debtor was legally entitled to receive the Unclaimed Funds; and

**WHEREAS** Movant failed to explain the relationship between himself and the Debtor;

It is hereby

**ORDERED** that Reconsideration Motion is DENIED.