| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) |

**Order Filed on September 11, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey**

In Re:

    LAURA NICOLEAU-BERMAN,

               Debtor.

Case No.:       18-17673-SLM

Hearing Date:   July 22, 2019

Judge:          Stacey L. Meisel

Chapter:        11

# ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PAYMENT OF UNCLAIMED FUNDS

    The relief set forth on the following pages, numbered two (2) through ___5___ is **ORDERED**.

**DATED: September 11, 2019**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

1

**THIS MATTER** having been brought before the Court by a *Motion for Reconsideration* ("**Reconsideration Motion**") having been filed on June 17, 2019 by movant John J. Marshall ("**Movant**"), *pro se* (Docket No. 90), for entry of an order vacating the March 8, 2019 Order denying Movant's *Motion for Disbursement of Unclaimed Funds* ("**Disbursement Motion**") (Docket No. 77); and the Court having considered the papers submitted; and for good cause shown;

**WHEREAS** on April 17, 2018, Debtor Laura Nicoleau-Berman ("**Debtor**") filed a Chapter 13 petition (Docket No. 1);

**WHEREAS** on August 17, 2018, Debtor filed the *Motion to Convert Case to Chapter 11* ("**Motion to Convert**") (Docket No. 30) because she did not meet the debt limit requirements set out in 11 U.S.C. § 109(e);

**WHEREAS** on September 25, 2018, the Court entered an *Order Granting Motion to Convert Case to Chapter 11* (Docket No. 38);

**WHEREAS** on October 23, 2018, the Chapter 13 Trustee filed the *Chapter 13 Standing Trustee's Final Report and Account* (Docket No. 42);

**WHEREAS** on November 19, 2018, the Chapter 13 Trustee filed a *Notice Depositing Unclaimed Funds Pursuant to D.N.J. LBR 7067-1* stating that $3,427.20 in unclaimed funds (the "**Unclaimed Funds**") were mailed to Debtor at 7 Warner Road, Newton, NJ 07860, which is the address listed on Debtor's petition (Docket No. 53);

**WHEREAS** on December 10, 2018, Debtor filed a *Change of Address* (Docket No. 58);

**WHEREAS** Debtor entered into a *Purchase Agreement & Assignment of Interest* ("**Purchase Agreement**") with Movant on January 7, 2019 (Docket No. 62-4);

**WHEREAS** the Purchase Agreement memorialized a purchase price of $3,015.93 in exchange for the assignment of the Unclaimed Funds (Docket No. 62-4);

**WHEREAS** Debtor failed to obtain Court approval to enter into the Purchase Agreement;

**WHEREAS** on January 15, 2019, Debtor signed a *Bill of Sale* ("**Bill of Sale**");

**WHEREAS** Movant filed the Disbursement Motion on January 23, 2019 requesting the Court disburse the Unclaimed Funds to Movant (Docket No. 62);

**WHEREAS** on March 8, 2019, the Court entered an Order denying the Disbursement Motion ("**Denial Order**") (Docket No. 77);

**WHEREAS** the Denial Order states that "Movant failed to adequately demonstrate that: (1) the Debtor had authority to make an assignment; and (2) Debtor was legally entitled to receive the unclaimed funds in question; and (3) failed to adequately explain the history of the funds and the Debtor's relationship thereto." (Docket No. 77);

**WHEREAS** on April 26, 2019, Movant filed an *Objection to Order Denying Motion for Payment of Unclaimed Funds* (Docket No. 80);

**WHEREAS** the Court entered a Notice of Receipt of Letter Requesting Relief on April 29, 2019, which directed Movant to file a formal motion (Docket No. 81);

**WHEREAS** on June 17, 2019, Movant filed the Reconsideration Motion (Docket No. 90);

**WHEREAS**, due to administrative error, the Court inadvertently did not serve Debtor with the Denial Order;

**WHEREAS**, as a result of the mistake, the Court permitted Movant's untimely filed Reconsideration Motion;

**WHEREAS** the Reconsideration Motion argues the validity of the Debtor's assignment of the Unclaimed Funds;

**WHEREAS** Courts generally review reconsideration motions under Federal Rules of Civil Procedure 59 and 60, made applicable by Federal Rules of Bankruptcy Procedure 9023 and 9024;

3

**WHEREAS**, in reviewing under Federal Rule of Civil Procedure 59, courts generally grant a motion for reconsideration if one of the following three scenarios are present: "(1) [a]n intervening change of controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice," *Singer v. Heckler*, 738 Fed.Appx. 88, 90 (3d Cir. 2018) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010));

**WHEREAS**, in reviewing under Federal Rule of Civil Procedure 60, courts may grant a motion for reconsideration of an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b);

**WHEREAS** Movant failed to show that he is entitled to reconsideration of the Denial Order pursuant to either Federal Rule of Civil Procedure 59 or 60;

**WHEREAS** Movant failed to demonstrate that Debtor was authorized to make the assignment of Unclaimed Funds during her pending Chapter 11 bankruptcy case;

**WHEREAS** Movant failed to demonstrate that the assignment was not an unauthorized post-petition transfer under 11 U.S.C. § 549;

**WHEREAS** Movant failed to demonstrate that Debtor was legally entitled to receive the Unclaimed Funds; and

**WHEREAS** Movant failed to explain the relationship between himself and the Debtor;

It is hereby

**ORDERED** that Reconsideration Motion is DENIED.

United States Bankruptcy Court
District of New Jersey

In re:  
Laura Nicoleau-Berman  
    Debtor

Case No. 18-17673-SLM  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 1     Date Rcvd: Sep 11, 2019  
                      Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2019.
db        Laura Nicoleau-Berman,    7103 Doctors Path,    Riverhead, NY  11901

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2019                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2019 at the address(es) listed below:
        Andrea Silverman    on behalf of Debtor Laura  Nicoleau-Berman court@andreasilvermanlaw.com,
         r62214@notify.bestcase.com
        Denise E. Carlon    on behalf of Creditor    M&T BANK dcarlon@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        Kevin Gordon McDonald    on behalf of Creditor    M&T BANK kmcdonald@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        Kevin Gordon McDonald    on behalf of Creditor    Jeremy Doppelt Realty Management LLC Defined
         Benefit Plan kmcdonald@kmllawgroup.com,    bkgroup@kmllawgroup.com
        Michael A. Artis    on behalf of U.S. Trustee    U.S. Trustee michael.a.artis@usdoj.gov
        Scott D. Sherman    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
         Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin
         Ventures Trust Series 2017-3 c/o Kondaur Capital Cor ssherman@minionsherman.com
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                                         TOTAL: 7