# John J Marshall
## 6800 Paragon Place   Suite 202
## Richmond, VA  23230-1656

Phone    804-285-0807
Fax       804-452-7492

Email JMarshall@JMPartnersLLC.com

June 1, 2021

*Original to:*

US Bankruptcy Court
ATTN: Clerks Office
50 Walnut Street
Newark, NJ 07102

*With a Complete Copy to:*

Office of the US Attorney
502 Federal Building
970 Broad Street, Room 700
Newark, NJ 07102

US Trustee for the District of NJ
One Newark Center, Suite 2100
1085 Raymond Boulevard
Newark, NJ  07102

Spring Solutions, LLC
PO Box 334
Glen Burnie, MD 21060

Laura Nicoleau-Berman
703 Doctors Path
Riverhead, NY 11901
Phone 646-498-5776

Jenee K. Ciccarelli, Esq
47 Park Avenue, Ste 304
West Orange, NJ 07052

United States Attorney General
Ben Franklin Station
P.O. Box 683
Washington, DC 20044

**RE:     CASE # 18-17673 Laura Nicoleau-Berman**

Gentlemen;

It is my belief that since the case status is "closed" this letter is the appropriate way to address the matter described herein.  If that is not true, then I am happy to file another pro se Motion if so directed. Please note the following timelines of events, and the status:

| Date | Docket | Status, if applicable |
|------|--------|----------------------|
| 11/19/18 | 53 | Unclaimed funds in the amount of $3427.20 representing a Debtor's Refund were deposited in the Clerk's Registry by the Trustee.  These were funds remaining in possession of the Trustee upon the conversion from Chapter 13 to Chapter 11. |
| 1/16/19 | | I paid Ms. Nicoleau-Berman $3015.93 (or 88% of the account value) for an assignment of all rights to the account.  See Exhibit A. |
| 1/23/19 | 62 | I filed a Motion for Payment of the Unclaimed Funds.  See Exhibit B. |
| 3/8/19 | 77 | The Court entered an Order Denying my Motion.  My belief at the time was that the Court's rationale was flawed, as the stated basis for Denial was an assertion that I had not adequately demonstrated three points (*my response in parentheses):* <br><br> (1)  Debtor's authority to assign (*my belief was/is that as the Debtor was then acting as the Debtor-in-Possession she had control over her assets and affairs and was allowed dominion over same for normal course of business transactions, and this clearly would have been such, since it was unquestionably her money*). |

| | | (2) Debtor was legally entitled to receive the funds in questions (*Clearly she was, as its undisputable that the funds in question were surplus funds owed the Debtor at the case conversion, and the Chapter 13 Trustee clearly noted same on the deposit*). <br><br> (3) Failed to explain the history of the funds (*This was and is incorrect, as it was detailed in our Motion* (Ex.B)) |
|---|---|---|
| 6/17/19 | 90 | I filed a Motion for Reconsideration of the Court's Order Denying.  See Exhibit C. |
| 9/11/19 | 111 | The Court Denied the Motion for Reconsideration. See Exhibit D. |

Each of the above Exhibits and documents speak clearly for themselves, so I will not repeat them all herein.  However, through and including a response to the Court's second denial, all the points I made in my Motions (*and as spelled out above in the comments by Doc 77*) remain true and correct, and are restated herein for emphasis. However, it seemed to make no sense subsequent to the Court's second Denial for me to make another filing until later in time when the case was dismissed, or until I had further business in New Jersey so as to justify the heavy cost of appearance or engaging local counsel.

Surprisingly, the Court never noticed me of the case dismissal.  Baffling, since there was previously a lack of notice received from the Court.

| 5/3/21 | 130 | Spring Solutions, LLC acting as the Assignee of Laura Nicoleau-Berman filed an Application for Payment of Unclaimed Funds, for the same fund account sold and assigned to me (and paid for) over two years earlier. See Exhibit E.  As a consequential aside, I was not provided notice of this Application. |
|---|---|---|
| 5/25/21 | 133 | This Court issued an Order Granting the above Application.  I did receive notice of this Order through the BNC electronic notice center (I am a very active participant in numerous cases at all times around the country and receive daily notices from each, and seldom (other than in this Court) have I failed to receive timely required notices, though it happened more than once here. |

While the Court's rationale for its Denial of both my Motion falls flat when looking at the facts, it is also certainly true that this Court had actual notice of the sale and assignment of the account to me. Moreover, even if the Court wishes to continue to argue that there was "no evidence of the Debtor's right to conduct the transaction" with me, the other simple truth is that upon dismissal of the case the funds in question – which had not been administered during the Chapter 11 – clearly vested back to the Debtor and would NOT require any further Court authority or approval to so vest.  Upon vesting to the Debtor, the sale and assignment to me (already binding in a commercial context outside of bankruptcy) would govern, and I stress again that the Court and all parties to this letter would have had notice of that as it was on the docket.  Therefore, if the funds are released to Spring Solutions LLC then I would have been wronged by the Court, and have no recourse but to file suit against the Debtor and Spring Solutions LLC as her purported Assignee, all at my further cost, which should be sanctionable.

Based on the forgoing, I respectfully request that the Order at docket 133 be immediately rescinded.

Very truly yours,

John J. Marshall

# EXHIBIT A

Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing

*INDEX TO ENCLOSURES*

## Unclaimed Funds Recovery

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

Evidence of Funds Deposit by Trustee 1

Complete Assignment Package 2

Affidavit of John J. Marshall / Assignee 3

4

5

6

7

8

9

10

11

12

13

14

15

## Brief History Statement & Recap of Supporting Evidence:

*Laura Nicoleau-Berman* was (and is) the debtor in this case, and the creditor ("Creditor") with respect to the unclaimed funds in this case. Creditor changed mailing addresses subsequent to the claim filing and failed to update same with the Court or Trustee in a timely fashion, leading to the unclaimed funds in this matter.

John J. Marshall *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and offered to purchase the rights to the account and underlying claim from the Creditor. After their review of the matter, the Creditor decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and present Owner of the funds in question.

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

UNITED STATES BANKRUPTY COURT
DISTRICT OF NEW JERSEY
Marie-Ann Greenberg MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

IN RE:

LAURA NICOLEAU-BERMAN,                                  Case No.: 18-17673 SLM

                                    Debtor

## NOTICE DEPOSITING UNCLAIMED FUNDS
### PURSUANT TO D.N.J. LBR 7067-1

Marie-Ann Greenberg, Trustee in the above captioned matter, states that the entire amount in the Trustee's
Account has been disbursed and that the following funds remain unclaimed. The undersigned shall immediately
forward a check to the Court in the amount of $3,427.20, payable to the Clerk, United States Bankruptcy Court.
The party entitled to said funds is listed below together with the last known address and other additional
information.

Payee Name & Address:     LAURA NICOLEAU-BERMAN - Debtor's Refund
                          7 WARNER ROAD
                          NEWTON, NJ  07860

Amount:                   $3,427.20       ⟵ The Funds

Trustee Claim Number:     0

Reason:                   Checks have been returned as undeliverable

                                    By:   /S/  Marie-Ann Greenberg
Dated: November 19, 2018                  MARIE-ANN GREENBERG
                                          CHAPTER 13 STANDING TRUSTEE

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

## Unclaimed Funds Recovery

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

| | |
|---|---|
| Purchase & Assignment of Interest | 1 |
| Bill of Sale | 2 |
| Affidavit of Assignor w/ Photo ID | 3 |
| Evidence Item as appropriate | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

### Brief History Statement & Recap of Supporting Evidence:

***Laura Nicoleau-Berman*** was (and is) the debtor in this case, and the creditor ("Creditor") with respect to the unclaimed funds in this case. Creditor changed mailing addresses subsequent to the claim filing and failed to update same with the Court or Trustee in a timely fashion, leading to the unclaimed funds in this matter.

John J. Marshall *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and offered to purchase the rights to the account and underlying claim from the Creditor. After their review of the matter, the Creditor decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and present Owner of the funds in question.

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
JMarshall@JMPartnersLLC.com

## PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **January 7, 2019** by and between **Laura Nicoleau-Berman, 703 Doctors Path, Riverhead, NY 11901 Phone 646-498-5776** ("Seller") and **John J. Marshall, c/o JM Partners LLC, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656** (hereinafter "Buyer").

### RECITALS

A. Seller was/is the debtor in **Bankruptcy Case # 18-17673 (Laura Nicoleau-Berman - Debtor)** as was filed in the **United States Bankruptcy Court for the District of New Jersey** (hereinafter the "Bankruptcy Case"). In their capacity as creditor, Seller was entitled to that certain refund or distribution of funds in the amount of **$ 3427.20** (hereinafter "Funds"), which remittance was attempted by the Trustee at the Sellers last known address. Such remittance was never negotiated, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in Funds - Seller desires to legally Sell and Assign his interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

### ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 3427.20** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the District of New Jersey**, and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 3015.93** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement and the providing of all documents and evidence required to prove both ownership and assignment (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction).

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

### ARTICLE 2 – CLOSING

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

### ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date: (a) Buyer is an individual experienced in these matters, and is qualified to transact the business detailed in this Agreement. (b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party referenced in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer.  Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery),  (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

IF TO SELLER:
**Laura Nicoleau-Berman**
**703 Doctors Path**
**Riverhead, NY 11901**
**Phone 646-498-5776**

IF TO BUYER:
**John Marshall**
**c/o JM Partners LLC**
**6800 Paragon Place, Suite 202**
**Richmond, VA  23230-1656**
**Phone 804-285-0807**

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

For the Seller:

_Laura Nicoleau-Berman_

Buyer:

John Marshall
An Individual

Sworn & Subscribed to before me on this
_15_ day of _January_, 20_19_

_____
NOTARY PUBLIC
State of _NY_   County of _Suffolk_

My Commission Expires on: _April 07, 2020_
STAMP / SEAL

LINDA LOMBARDI
Notary Public, State of New York
No. 01LO6154443
Qualified in Suffolk County
Commission Expires April 07, 20_20_

# *BILL OF SALE*

| SELLER: | Laura Nicoleau-Berman<br>703 Doctors Path<br>Riverhead, NY 11901<br>Phone 646-498-5776 |
|---|---|

In consideration of the sum of ***Three Thousand Fifteen Dollars & 93/100 ($ 3015.93) payable immediately upon receipt by buyer of all documents required to prove seller's ownership and authority to convey assignment***, I, **Laura Nicoleau-Berman**, acting in my ***individual capacity*** (hereinafter "SELLER"), hereby sell, convey, and transfer all rights, title and interest to the below referenced bankruptcy Unclaimed Funds Account in the amount of **$ 3427.20** that was generated via Trustee's Deposit as entered by the Clerk on the records of the Court - to: ***John J. Marshall, individually (hereinafter referred to as BUYER), of c/o JM Partners LLC, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656.***

## *CLAIM INFORMATION / ITEM(S) BEING SOLD:*

| Debtor: | Laura Nicoleau-Berman | Case: | 18-17673 |
|---|---|---|---|
| Court: | US Bankruptcy Court for the<br>District of New Jersey | Chapter: | 11 |

| Type | Filed By / Comments |
|---|---|
| Refund of Surplus | Laura Nicoleau-Berman |

For the Seller:

_Laura Nicoleau-Berman_
Laura Nicoleau-Berman

Seller's SS# _8693_ (last 4 digits only!)
Sworn & Subscribed to before me on this
_15_ day of _January_, 20_18_

NOTARY PUBLIC
State of _NY_ County of _Suffolk_

My Commission Expires on: _April 07, 2020_
*STAMP / SEAL*

LINDA LOMBARDI
Notary Public, State of New York
No. 01LE6...34..
Qualified in Suffolk County
Commission Expires April 07, 2020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

---

In Re:


   Laura Nicoleau-Berman

Case No.:    <u>18-17673</u>
Chapter:    <u>11</u>

Hearing Date:

Judge:

---

# AFFIDAVIT AND IDENTIFICATION OF CREDITOR / ASSIGNOR
## or its AUTHORIZED REPRESENTATIVE

    I, **<u>Laura Nicoleau-Berman,</u>** acting in my **<u>individual capacity</u>** (and hereinafter "Creditor" or "Assignor"), hereby declare as follows:

1) Creditor wa/iss the Debtor in this case, and has been made aware of the fact that they are due certain funds as a refund or surplus or other refund, return or distribution, which the Trustee attempted to send to the last known address, and as is referenced on the attached Report of Deposit of Unclaimed Funds. The amount is **<u>$ 3427.20.</u>**

2) Creditor's address has changed since the original filing of the claim, and to the best of the Creditor's knowledge, that address change was never reported to the Court nor the Trustee, and that is the likely cause of the funds being returned, and remitted on to the Registry of such unclaimed funds. Evidence linking us to the matter, as well as my own identity, is provided herewith.

3) Creditor has knowingly and consciously decided to sell and assign all interest in such funds to **<u>John J. Marshall</u>**, an individual, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement, which includes the Transfer of the underlying claim itself to the extent it generated such funds. Creditor hereby grants all interest in such claim and the funds generated by same to **<u>John J. Marshall</u>**, and agrees to provide any reasonably required additional supporting evidence of our original ownership of the claim, or to execute any other court-required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

4) Creditor has no other pending application for the release of the funds due for the Claim, nor has Creditor contracted with any other party for the recovery of such funds. Creditor has not previously sold the Claim or rights to it - nor the interest in the funds derived from the claim - to any other party. Creditor is still the owner of the claim and funds, is entitled to payment, and is now selling and assigning all such rights and entitlement solely to **John J. Marshall**.

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

**Creditor:** Laura Nicoleau-Berman

By: Laura Nicoleau-Berman

The Affiant, being personally known to me (or having provided satisfactory evidence of his/her identification and authority to execute this Affidavit) has Sworn & Subscribed to same before me on this _15_ day of _January_, 20_18_.

NOTARY PUBLIC
State of _NY_____ County of _Suffolk_

My Commission Expires on: April 07, 2020
*STAMP / SEAL*

LINDA LOMBARDI
Notary Public, State of New York
No. 01LO5_____14
Qualified in Suffolk County
Commission Expires April 07, 20_20_

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Andrea Silverman, PC
Andrea Silverman, Esq.
150 River Road, O2B
Montville, NJ 07045
(973)794-3960/(973)794-3962(fax)
Bar ID 018642004
Attorney for Debtor(s)

| In Re: | Case No.: | 18-17673 |
| Laura Nicoleau-Berman | Chapter: | 11 |
| | Judge: | SLM |

## CHANGE OF ADDRESS

Under D. N.J. LBR 2002-1(b) this form must be used by a party to change its address during a case or proceeding. A debtor who wishes to change the address of a creditor previously included on their Schedules may also use this form.

Party's name/type:   Laura Nicoleau-Berman, Debtor
(Example: John Smith, creditor)

Old address:   7 Warner Road
Newton, NJ 07860

*Change of Address as was filed in the case by the Debtor, but alas too late to prevent the unclaimed funds*

New address:   703 Doctors Path
Riverhead, NY 11901

New phone no.:_____
(if debtor is filing and their phone number has changed).

I hereby certify under penalty of perjury that the above information is true. If a debtor, I understand that it is my responsibility to notify the Trustee and any affected party of my change of address.

Date:   12/10/2018          /s/ Laura Nicoleau-Berman
Signature

rev.2/1/16

# M&T Bank

**FOR INQUIRIES CALL:** (800) 724-2440

00   0 03398M NM  017

000000                                                          P

**LAURA NICOLEAU-BERMAN**
**DEBTOR IN POSSESSION #18-17673**
**7 WARNER RD**
**FREDON TWP NJ 07860**

Evidence of use of
address listed on the
unclaimed funds acct

| ACCOUNT TYPE | |
|---|---|
| EZCHOICE CHECKING | |
| **ACCOUNT NUMBER** | **STATEMENT PERIOD** |
| | NOV.16-DEC.14,2018 |
| BEGINNING BALANCE | $5,074.18 |
| DEPOSITS & CREDITS | 0.00 |
| LESS CHECKS & DEBITS | 29.95 |
| LESS SERVICE CHARGES | 0.00 |
| ENDING BALANCE | $5,044.23 |

INTEREST EARNED FOR STATEMENT PERIOD          $0.00                    RIVERHEAD

## ACCOUNT SUMMARY

| BEGINNING BALANCE | DEPOSITS & OTHER CREDITS (+) | | CHECKS PAID | | OTHER DEBITS (-) | | CURRENT INTEREST PD | ENDING BALANCE |
|---|---|---|---|---|---|---|---|---|
| | NO. | AMOUNT | NO. | AMOUNT | NO. | AMOUNT | | |
| $5,074.18 | 0 | $0.00 | 0 | $0.00 | 1 | $29.95 | $0.00 | $5,044.23 |

## ACCOUNT ACTIVITY

| POSTING DATE | TRANSACTION DESCRIPTION | DEPOSITS & OTHER CREDITS (+) | WITHDRAWALS & OTHER DEBITS (-) | DAILY BALANCE |
|---|---|---|---|---|
| 11/16/2018 | BEGINNING BALANCE | | | $5,074.18 |
| 11/27/2018 | DELUXE CHECK CHECK/ACC. | | $29.95 | 5,044.23 |
| | ENDING BALANCE | | | $5,044.23 |

EFFECTIVE NOVEMBER 29, 2018, THE FOLLOWING DAILY LIMITS APPLY TO TRANSACTIONS
MADE WITH YOUR M&T DEBIT CARD (OR ANY INFORMATION ASSOCIATED WITH IT):
1) UP TO 15 ATM TRANSACTIONS TO OBTAIN CASH TOTALING UP TO $1,000; AND 2) UP TO
20 TRANSACTIONS FROM YOUR CHECKING ACCOUNT (OTHER THAN AT AN ATM) TOTALING UP TO
$5,000. WE MAY SOMETIMES ALLOW TRANSACTIONS THAT EXCEED THESE LIMITS. IF YOU
CURRENTLY HAVE HIGHER LIMITS, THIS WILL NOT CHANGE. FOR SECURITY REASONS, WE
RESERVE THE RIGHT TO IMPOSE LIMITS ON THE AMOUNT OF CASH AND/OR ITEMS THAT MAY
BE DEPOSITED AT ANY ONE TIME AT AN ATM AT WHICH DEPOSITS MAY BE MADE.

GEICO INSURANCE AGENCY INC
ONE GEICO BLVD
FREDERICKSBURG, VA 22412

UNIVERSAL NORTH AMERICA INS CO
**HOMEOWNER POLICY**
**BILLING NOTICE**

| Policy Number | Term | Total Premium | Minimum Payment | Due Date |
|---|---|---|---|---|
| HNJ3006130 | 05/29/18 to 05/29/19 | 2,471.40 | 825.80 | 10/01/18 |

LAURA NICOLEAU
703 DOCTORS PATH
RIVERHEAD, NY 11901

Evidence of use of new address

**Named Insured And Risk Address:**
LAURA NICOLEAU
LAURA NICOLEAU
7 WARNER RD
NEWTON, NJ 07860-5003

Mortgagee:
M&T BANK, ISAOA
PO BOX 5738
SPRINGFIELD, OH 45501-5738

**Your Producer:**
GEICO INSURANCE AGENCY INC
855-721-9248
**Producer Code:** 154153

Loan Nbr:

**Payment Plans**
24-Hour Automated Policy Information: (800) 447-1889
At your request, your HOMEOWNER Policy has been set up on recurring payments. Your payment of $825.80
will be withdrawn from your account on 10/01/18. This is a COURTESY COPY for your records. Thank you
for choosing UNIVERSAL for your insurance needs.

**\*Installment Premium**

| Amount | Due Date |
|---|---|
| 825.80 | 10/01/18 |
| 825.80 | 11/15/18 |
| 825.80 | 12/30/18 |

THIS IS AN AUTOMATIC WITHDRAWAL
REMINDER. YOU DO NOT NEED TO
SUBMIT A PAYMENT AS IT WILL BE
AUTOMATICALLY WITHDRAWN FROM
THE ACCOUNT INFORMATION WE HAVE
ON FILE. IF THE PAYMENT DUE DATE
FALLS ON A WEEKEND OR HOLIDAY,
THE PAYMENT WILL BE WITHDRAWN ON
THE NEXT AVAILABLE BUSINESS DAY.

Account on record:
CHASE BANK \*\*\*\*\*\*\*0662

09/11/18

¹A $3 service charge is included in each payment.

*See reverse side for Coverages, Endorsements, and other details.*

**AUTOMATIC WITHDRAWAL REMINDER**

Named Insured   LAURA NICOLEAU
Policy Number

Thank you for choosing our
electronic payment option. We will
withdraw payment of $825.80
from your account on 10/01/18.
Unless you need to report an
address change, you may keep
this statement and coupon for
your records.

☐ If Change of Mailing Address is
required, please check box and enter
new information on back of coupon.

UNIVERSAL NORTH AMERICA INS CO
PROCESSING CENTER
P O BOX 9061
CARLSBAD, CA 92018-9061

ARROWHEAD
EXCHANGE
Pay online TODAY at:
www.ArrowheadExchange.com



Photo ID of Assignor



# EXHIBIT B

# John J Marshall
# 6800 Paragon Place   Suite 202
# Richmond, VA  23230-1656

Phone   804-285-0807
Fax      804-285-0939

Email JMarshall@JMPartnersLLC.com

January 16, 2019

*Original to:*

US Bankruptcy Court
ATTN: Clerks Office
50 Walnut Street
Newark, NJ 07102

*With a Complete Copy to:*

Office of the US Attorney
502 Federal Building
970 Broad Street, Room 700
Newark, NJ 07102

US Trustee for the District of NJ
One Newark Center, Suite 2100
1085 Raymond Boulevard
Newark, NJ  07102

Marie-Ann Greenberg
(Terminated Trustee)
30 Two Bridges Rd Suite 330
Fairfield, NJ 07004

Laura Nicoleau-Berman
703 Doctors Path
Riverhead, NY 11901
Phone 646-498-5776

Andrea Silverman, Esq.
Andrea Silverman, PC
150 River Road  Unit H4
Montville, NJ 07045

**RE:     CASE # 18-17673 Laura Nicoleau-Berman**

Gentlemen;

Please find enclosed my Motion for the recovery of unclaimed funds on behalf of myself, *John J. Marshall, pro se, as Assignee of Laura Nicoleau-Berman.*

You will note that I have purchased an assignment of all the original creditor's rights to the account and the underlying claim that generated same.  I believe you will find all required documents and proper evidence included herewith.

With respect to the hearing, it is my understanding that neither I nor counsel representing me are required to be present unless there are objections.

If there are any questions please contact me by email (preferred), phone, fax or regular mail, all as listed above.

Very truly yours,

John J Marshall

cc:     File # 92301

Asset Location & Recovery Services · Corporate Claims Management & Investor Services

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

------------------------------------------------------------

In Re:

    Laura Nicoleau-Berman

Case No.:    <u>18-17673</u>
Chapter:       <u>11</u>

Hearing Date:   February 19, 2019

Judge:          SLM

## NOTICE OF MOTION and WAIVER OF APPEARNACE

    PLEASE TAKE NOTICE THAT the undersigned <u>John J. Marshall, *pro se,* acting as the</u>

<u>Assignee of Laura Nicoleau-Berman</u> shall apply before the Hon. Kathryn C. Ferguson at the

United States Bankruptcy Court, 402 East State Street, Trenton, New Jersey, on  February 19,

2019 at 11:00 a.m. for an Order directing the Clerk of the United States Bankruptcy Court to

withdraw from the registry of this Court the amount of **$3427.20** and remit the same to John J.

Marshall, Assignee as its dividend from the administration of the above-captioned matter.

    The dividend check was not received due to the original creditor having changed mailing

addresses and neglecting to have subsequently updated the Court or Trustee with the new address,

all as is fully detailed in the Affidavits provided with the Motion.  The transaction has been

consummated as detailed in the evidence provided herewith, and thus Assignee now moves for the

release of the funds to which it is entitled.

Lacking objection, it would be an undue hardship to require the Assignee, who resides in Virginia, to appear in New Jersey for a hearing on this matter. Thus, Assignee hereby waives oral argument and requests disposition on the papers as filed.

A proposed form of Order is attached.

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Assignee:

By: John J. Marshall, *pro se*

The Affiant, being personally known to me (or having provided satisfactory evidence of his identification and authority to execute this Affidavit) has Sworn & Subscribed to same before me on this 16th day of January , 20 19

Kathryn J. Lunsford

NOTARY PUBLIC

State of VA            County of Henrico

My Commission Expires on: 2/29/2020



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

In Re:

    Laura Nicoleau-Berman

Case No.:      18-17673
Chapter:           11

Hearing Date:    February 19, 2019

Judge:          SLM

## MOTION FOR DISBURSEMENT OF UNCLAIMED FUNDS

**John Marshall, as Assignee of Laura Nicoleau-Berman** hereby moves the Court for an

order directing the United States Bankruptcy Court to disburse the sum of **$ 3427.20** from the

Court's registry fund, payable to **John Marshall, Assignee**, representing unclaimed funds

previously deposited with the Court.  Evidence of the Assignee's entitlement to the funds is

included herewith, as is a Certificate of Service attesting that Notice of this Motion has been

served on all required parties.

*I hereby certify under the pains and penalties of perjury that the foregoing statements are*

*true and correct to the best of my knowledge and belief.*

By: John J. Marshall, *pro se*
Signed on this 16 day of JAN, 2019

Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing

*INDEX TO ENCLOSURES*

## Unclaimed Funds Recovery

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

**Evidence of Funds Deposit by Trustee**    1

**Complete Assignment Package**    2

**Affidavit of John J. Marshall / Assignee**    3

4

5

6

7

8

9

10

11

12

13

14

15

## Brief History Statement & Recap of Supporting Evidence:

**_Laura Nicoleau-Berman_** was (and is) the debtor in this case, and the creditor ("Creditor") with respect to the unclaimed funds in this case. Creditor changed mailing addresses subsequent to the claim filing and failed to update same with the Court or Trustee in a timely fashion, leading to the unclaimed funds in this matter.

John J. Marshall *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and offered to purchase the rights to the account and underlying claim from the Creditor. After their review of the matter, the Creditor decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and present Owner of the funds in question.

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

**UNITED STATES BANKRUPTY COURT**
**DISTRICT OF NEW JERSEY**
**Marie-Ann Greenberg MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

**IN RE:**

**LAURA NICOLEAU-BERMAN,**                                    Case No.:  18-17673 SLM

                                        **Debtor**

## NOTICE DEPOSITING UNCLAIMED FUNDS
## PURSUANT TO D.N.J. LBR 7067-1

Marie-Ann Greenberg, Trustee in the above captioned matter, states that the entire amount in the Trustee's Account has been disbursed and that the following funds remain unclaimed. The undersigned shall immediately forward a check to the Court in the amount of $3,427.20, payable to the Clerk, United States Bankruptcy Court. The party entitled to said funds is listed below together with the last known address and other additional information.

Payee Name & Address:    LAURA NICOLEAU-BERMAN - Debtor's Refund
                         7 WARNER ROAD
                         NEWTON, NJ  07860

Amount:             $3,427.20        ← | The Funds |

Trustee Claim Number:    0

Reason:             Checks have been returned as undeliverable

Dated: November 19, 2018                By:  /S/  Marie-Ann Greenberg
                                        MARIE-ANN GREENBERG
                                        CHAPTER 13 STANDING TRUSTEE

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

## Unclaimed Funds Recovery

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

### Brief History Statement & Recap of Supporting Evidence:

***Laura Nicoleau-Berman*** was (and is) the debtor in this case, and the creditor ("Creditor") with respect to the unclaimed funds in this case. Creditor changed mailing addresses subsequent to the claim filing and failed to update same with the Court or Trustee in a timely fashion, leading to the unclaimed funds in this matter.

John J. Marshall *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and offered to purchase the rights to the account and underlying claim from the Creditor. After their review of the matter, the Creditor decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and present Owner of the funds in question.

| | |
|---|---|
| **Purchase & Assignment of Interest** | 1 |
| **Bill of Sale** | 2 |
| **Affidavit of Assignor w/ Photo ID** | 3 |
| **Evidence Item as appropriate** | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230-1656
JMarshall@JMPartnersLLC.com

## PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **January 7, 2019** by and between **Laura Nicoleau-Berman, 703 Doctors Path, Riverhead, NY 11901 Phone 646-498-5776** ("Seller") and **John J. Marshall, c/o JM Partners LLC, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656** (hereinafter "Buyer").

### RECITALS

A. Seller was/is the debtor in **Bankruptcy Case # 18-17673 (Laura Nicoleau-Berman - Debtor) as** was filed in the **United States Bankruptcy Court for the District of New Jersey** (hereinafter the "Bankruptcy Case"). In their capacity as creditor, Seller was entitled to that certain refund or distribution of funds in the amount of **$ 3427.20** (hereinafter "Funds"), which remittance was attempted by the Trustee at the Sellers last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in Funds - Seller desires to legally Sell and Assign his interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

### ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 3427.20** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the District of New Jersey**, and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 3015.93** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement and the providing of all documents and evidence required to prove both ownership and assignment (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction).

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

### ARTICLE 2 – CLOSING

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

### ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date: (a) Buyer is an individual experienced in these matters, and is qualified to transact the business detailed in this Agreement. (b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party referenced in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

IF TO SELLER:
**Laura Nicoleau-Berman**
**703 Doctors Path**
**Riverhead, NY 11901**
**Phone 646-498-5776**

IF TO BUYER:
**John Marshall**
**c/o JM Partners LLC**
**6800 Paragon Place, Suite 202**
**Richmond, VA 23230-1656**
**Phone 804-285-0807**

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed as of the day and year first written above.

For the Seller:

_Laura Nicoleau-Berman_
Laura Nicoleau-Berman

Buyer:

_John Marshall_
John Marshall
An Individual

Sworn & Subscribed to before me on this
15 day of January, 2019

_Notary signature_
NOTARY PUBLIC
State of NY   County of Suffolk

My Commission Expires on: April 07, 2020
*STAMP / SEAL*

LINDA LOMBARDI
Notary Public, State of New York
No. 01LO6184443
Qualified in Suffolk County
Commission Expires April 07, 2020

# *BILL OF SALE*

| SELLER: | Laura Nicoleau-Berman<br>703 Doctors Path<br>Riverhead, NY 11901<br>Phone 646-498-5776 |
|---------|------------------------------------------------------------------------------------|

In consideration of the sum of ***Three Thousand Fifteen Dollars & 93/100 ($ 3015.93) payable immediately upon receipt by buyer of all documents required to prove seller's ownership and authority to convey assignment***, I, **Laura Nicoleau-Berman,** acting in my ***individual capacity*** (hereinafter "SELLER"), hereby sell, convey, and transfer all rights, title and interest to the below referenced bankruptcy Unclaimed Funds Account in the amount of **$ 3427.20** that was generated via Trustee's Deposit as entered by the Clerk on the records of the Court - to: ***John J. Marshall, individually (hereinafter referred to as BUYER), of c/o JM Partners LLC, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656.***

## *CLAIM INFORMATION / ITEM(S) BEING SOLD:*

| Debtor: | Laura Nicoleau-Berman | Case: | 18-17673 |
|---------|------------------------|-------|----------|
| Court: | US Bankruptcy Court for the District of New Jersey | Chapter: | 11 |

| Type | Filed By / Comments |
|------|---------------------|
| **Refund of Surplus** | **Laura Nicoleau-Berman** |

For the Seller:

*Laura Nicoleau Berman*

Laura Nicoleau-Berman

Seller's SS# _8893_ (last 4 digits only!)

Sworn & Subscribed to before me on this _15_ day of _February_, 20_19_

NOTARY PUBLIC

State of _NY_ County of _Suffolk_

My Commission Expires on: _April 07, 2020_

*STAMP / SEAL*

LINDA LOMBARDI
Notary Public, State of New York
No. 01L06186445
Qualified in Suffolk County
Commission Expires April 07, 20_20_

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Andrea Silverman, PC
Andrea Silverman, Esq.
150 River Road, O2B
Montville, NJ 07045
(973)794-3960/(973)794-3962(fax)
Bar ID 018642004
Attorney for Debtor(s)

| | |
|---|---|
| In Re: | Case No.: ___18-17673___ |
| Laura Nicoleau-Berman | Chapter: ___11___ |
| | Judge: ___SLM___ |

### CHANGE OF ADDRESS

Under D. N.J. LBR 2002-1(b) this form must be used by a party to change its address during a case or proceeding. A debtor who wishes to change the address of a creditor previously included on their Schedules may also use this form.

Party's name/type:   Laura Nicoleau-Berman, Debtor _____
(Example: John Smith, creditor)

Old address:    7 Warner Road _____
                Newton, NJ 07860 _____

> Change of Address as was filed in
> the case by the Debtor, but alas too
> late to prevent the unclaimed funds

New address:    703 Doctors Path _____
                Riverhead, NY 11901 _____

New phone no.: _____
(if debtor is filing and their phone number has changed).

I hereby certify under penalty of perjury that the above information is true.  If a debtor, I understand that it is my responsibility to notify the Trustee and any affected party of my change of address.

Date:   __12/10/2018___          /s/ Laura Nicoleau-Berman _____
                                 Signature

*rev.2/1/16*

# M&T Bank

FOR INQUIRIES CALL:    (800) 724-2440

00    0 03398M NM  017

000000                                    P

**LAURA NICOLEAU-BERMAN**
**DEBTOR IN POSSESSION #18-17673**
**7 WARNER RD**
**FREDON TWP NJ 07860**

Evidence of use of
address listed on the
unclaimed funds acct

| ACCOUNT TYPE | |
|---|---|
| EZCHOICE CHECKING | |
| **ACCOUNT NUMBER** | **STATEMENT PERIOD** |
| ████6539 | NOV.16-DEC.14,2018 |

| | |
|---|---|
| **BEGINNING BALANCE** | $5,074.18 |
| DEPOSITS & CREDITS | 0.00 |
| LESS CHECKS & DEBITS | 29.95 |
| LESS SERVICE CHARGES | 0.00 |
| ENDING BALANCE | $5,044.23 |

INTEREST EARNED FOR STATEMENT PERIOD        $0.00        RIVERHEAD

## ACCOUNT SUMMARY

| BEGINNING BALANCE | DEPOSITS & OTHER CREDITS (+) | | CHECKS PAID | | OTHER DEBITS (-) | | CURRENT INTEREST PD | ENDING BALANCE |
|---|---|---|---|---|---|---|---|---|
| | NO. | AMOUNT | NO. | AMOUNT | NO. | AMOUNT | | |
| $5,074.18 | 0 | $0.00 | 0 | $0.00 | 1 | $20.95 | $0.00 | $5,044.23 |

## ACCOUNT ACTIVITY

| POSTING DATE | TRANSACTION DESCRIPTION | DEPOSITS & OTHER CREDITS (+) | WITHDRAWALS & OTHER DEBITS (-) | DAILY BALANCE |
|---|---|---|---|---|
| 11/16/2018 | BEGINNING BALANCE | | | $5,074.18 |
| 11/27/2018 | DELUXE CHECK CHECK/ACC. | | $29.95 | 5,044.23 |
| | ENDING BALANCE | | | $5,044.23 |

EFFECTIVE NOVEMBER 29, 2018, THE FOLLOWING DAILY LIMITS APPLY TO TRANSACTIONS
MADE WITH YOUR M&T DEBIT CARD (OR ANY INFORMATION ASSOCIATED WITH IT):
1) UP TO 15 ATM TRANSACTIONS TO OBTAIN CASH TOTALING UP TO $1,000; AND 2) UP TO
20 TRANSACTIONS FROM YOUR CHECKING ACCOUNT (OTHER THAN AT AN ATM) TOTALING UP TO
$5,000. WE MAY SOMETIMES ALLOW TRANSACTIONS THAT EXCEED THESE LIMITS. IF YOU
CURRENTLY HAVE HIGHER LIMITS, THIS WILL NOT CHANGE. FOR SECURITY REASONS, WE
RESERVE THE RIGHT TO IMPOSE LIMITS ON THE AMOUNT OF CASH AND/OR ITEMS THAT MAY
BE DEPOSITED AT ANY ONE TIME AT AN ATM AT WHICH DEPOSITS MAY BE MADE.

GEICO INSURANCE AGENCY INC
ONE GEICO BLVD
FREDERICKSBURG, VA 22412

**UNIVERSAL NORTH AMERICA INS CO**
**HOMEOWNER POLICY**
**BILLING NOTICE**

| Policy Number | Term | Total Premium | Minimum Payment | Due Date |
|---|---|---|---|---|
| HNJ3006130 | 05/29/18 to 05/29/19 | 2,471.40 | 825.80 | 10/01/18 |

LAURA NICOLEAU
703 DOCTORS PATH
RIVERHEAD, NY 11901

**Named Insured And Risk Address:**
LAURA NICOLEAU
7 WARNER RD
NEWTON, NJ 07860-5003

Evidence of use of new address

**Mortgagee:**
M&T BANK, ISAOA
PO BOX 5738
SPRINGFIELD, OH 45501-5738

**Your Producer:**
GEICO INSURANCE AGENCY INC
855-721-9248
Producer Code:  154153

Loan Nbr:  (

**Payment Plans**
**24-Hour Automated Policy Information: (800) 447-1889**
At your request, your HOMEOWNER Policy has been set up on recurring payments. Your payment of $825.80 will be withdrawn from your account on 10/01/18. This is a COURTESY COPY for your records. Thank you for choosing UNIVERSAL for your insurance needs.

| *Installment Premium | |
|---|---|
| Amount | Due Date |
| 825.80 | 10/01/18 |
| 825.80 | 11/15/18 |
| 825.80 | 12/30/18 |

THIS IS AN AUTOMATIC WITHDRAWAL REMINDER. YOU <u>DO NOT</u> NEED TO SUBMIT A PAYMENT AS IT WILL BE AUTOMATICALLY WITHDRAWN FROM THE ACCOUNT INFORMATION WE HAVE ON FILE. IF THE PAYMENT DUE DATE FALLS ON A WEEKEND OR HOLIDAY, THE PAYMENT WILL BE WITHDRAWN ON THE NEXT AVAILABLE BUSINESS DAY.

Account on record:
CHASE BANK *******0662

09/11/18

*A $3 service charge is included in each payment.

*See reverse side for Coverages, Endorsements, and other details.*

**AUTOMATIC WITHDRAWAL REMINDER**

Named Insured   LAURA NICOLEAU
Policy Number   HNJ3006130

Thank you for choosing our electronic payment option. We will withdraw payment of $825.80 from your account on 10/01/18. Unless you need to report an address change, you may keep this statement and coupon for your records.

ARROWHEAD EXCHANGE
Pay online TODAY at:
www.ArrowheadExchange.com

If Change of Mailing Address is required, please check box and enter new information on back of coupon.

UNIVERSAL NORTH AMERICA INS CO
PROCESSING CENTER
P O BOX 9061
CARLSBAD, CA  92018-9061

02##########I

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

**Caption in Compliance with D.N.J. LBR 9004-1(b)**


John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re:<br><br>Laura Nicoleau-Berman | Case No.:  <u>18-17673</u><br>Chapter:  <u>11</u><br><br>Hearing Date:<br><br>Judge: |

# AFFIDAVIT AND IDENTIFICATION OF CREDITOR / ASSIGNOR
## or its AUTHORIZED REPRESENTATIVE

I, <u>**Laura Nicoleau-Berman,**</u> acting in my <u>**individual capacity**</u> (and hereinafter "Creditor" or "Assignor"), hereby declare as follows:

1) Creditor wa/iss the Debtor in this case, and has been made aware of the fact that they are due certain funds as a refund or surplus or other refund, return or distribution, which the Trustee attempted to send to the last known address, and as is referenced on the attached Report of Deposit of Unclaimed Funds. The amount is <u>**$ 3427.20.**</u>

2) Creditor's address has changed since the original filing of the claim, and to the best of the Creditor's knowledge, that address change was never reported to the Court nor the Trustee, and that is the likely cause of the funds being returned, and remitted on to the Registry of such unclaimed funds. Evidence linking us to the matter, as well as my own identity, is provided herewith.

3) Creditor has knowingly and consciously decided to sell and assign all interest in such funds to <u>**John J. Marshall,**</u> an individual, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement, which includes the Transfer of the underlying claim itself to the extent it generated such funds. Creditor hereby grants all interest in such claim and the funds generated by same to <u>**John J. Marshall,**</u> and agrees to provide any reasonably required additional supporting evidence of our original ownership of the claim, or to execute any other court-required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

4) Creditor has no other pending application for the release of the funds due for the Claim, nor has Creditor contracted with any other party for the recovery of such funds. Creditor has not previously sold the Claim or rights to it - nor the interest in the funds derived from the claim - to any other party. Creditor is still the owner of the claim and funds, is entitled to payment, and is now selling and assigning all such rights and entitlement solely to **John J. Marshall**.

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Creditor: Laura Nicoleau-Berman

By: Laura Nicoleau-Berman

The Affiant, being personally known to me (or having provided satisfactory evidence of his/her identification and authority to execute this Affidavit) has Sworn & Subscribed to same before me on this 15 day of January, 20 19.

NOTARY PUBLIC
State of NY _____ County of Suffolk

My Commission Expires on: April 07, 2020
STAMP / SEAL

LINDA LOMBARDI
Notary Public, State of New York
No. 01LO6185449
Qualified in Suffolk County
Commission Expires April 07, 20 20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

In Re:

    Laura Nicoleau-Berman

Case No.:      <u>18-17673</u>
Chapter:       <u>11</u>

Hearing Date:  February 19, 2019

Judge:         SLM

## AFFIDAVIT OF ASSIGNEE/CLAIMANT

    I, **John J. Marshall**, *pro se*, **acting in my individual capacity as the Assignee of the original creditor in this matter,** (hereinafter "Assignee") state and declare as follows:

1) Assignee has purchased the rights to the account and underlying claim from the original creditor in this matter, **Laura Nicoleau-Berman** ("Assignor"), and thus is now the owner of that certain Claim as is indicated on the register of claims, along with those certain Unclaimed Funds generated from, by and for the benefit of such Claim. Evidence of same is included herewith. My photo ID information is as follows:



2) I have made all efforts required to know to the best of my knowledge that there is no other firm or individual who would be entitled to the benefit of the aforementioned Claim or Unclaimed Funds, and I have not engaged any other party to assist with the recovery of same. If you have any questions about this filing, or the account in general – please direct them to me as follows:

**John J Marshall**, *pro se*, **Assignee**
**6800 Paragon Place, Suite 202**
**Richmond, VA  23230-1656**

804-285-0807
804-452-7492 FAX
JMarshall@JMPartnersLLC.com

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

**Assignee:**

By: John J. Marshall, *pro se*

The Affiant, being personally known to me (or having provided satisfactory evidence of his identification and authority to execute this Affidavit) has Sworn & Subscribed to same before me on this **16ᵗʰ** day of **January**, 20 **19**

_Kathryn J. Lunsford_
NOTARY PUBLIC
State of **VA**              County of **Henrico**

My Commission Expires on: **2/29/2020**

AO 213
(Rev. 01/16)

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS
Accounting Division

**VENDOR INFORMATION/TIN CERTIFICATION**
Mandatory Information that MUST be provided before submission

| ☐ Ex-AO Employee |
| ☐ SAM Vendor *(Formerly CCR)* |
| *(No TIN Certification Required)* |

| Vendor Address Select all that apply ☐ Order ☐ Remit ☐ 1099 | Other Address *(If different from Vendor Address)* Select all that apply ☐ Order ☐ Remit ☐ 1099 |
|---|---|
| Name: **John J. Marshall** | Address: |
| Business Name: *(if different from above)* | City: |
| Address 1: **6800 Paragon Place, Ste 202** | |
| Address 2: | State:          Zip Code: |
| City: **Richmond** | Phone #: |
| State: **VA**     Zip Code: **23230** | Description: *(if needed)* |
| Phone #:          E-mail: **804-285-0807  JMarshall@JMPartnersLLC.com** | |
| Taxpayer Identification #: *(TIN, SS, or EIN number)* | |
| DUNS # | |

| Financial Information | |
|---|---|
| Bank Name: **USAA Federal Savings Bank** | Routing # *(this nine digit number appears on your checks, but do not include individual check numbers):* |
| City: **San Antonio** | Account #: |
| State: **TX**     Zip Code: **78288** | Type of Account: *(select one)* ☐ Checking ☐ Savings |

Type of Organization for 1099 reporting:

☐ sole proprietorship;                                    ☐ partnership;

☐ corporate entity *(not tax-exempt)*;                    ☐ corporate entity *(tax-exempt)*;

☐ health care provider;                                   ☐ other: _____

☐ government entity *(write in either federal, state or local)*          _____

**Taxpayer Identification Number Certification**

Under penalties of perjury, I certify that:

1.   The Taxpayer Identification Number listed in the Vendor Address area above is the correct number assigned to me, and

2.   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to the backup withholding, and

3.   I am a U.S. citizen or other U.S. person *(defined below)*.

☐ You must select this check box if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. If you make a false statement with no reasonable basis that results in no backup withholdings, you are subject to a $500 penalty. Willfully falsifying certifications or affirmations on this form may subject you to criminal penalties including fines and/or imprisonment.

AO 213
(Rev. 01/16)

**Definitions:**

"Taxpayer Identification *(TIN, SS, or EIN number)*" is the number required by the Internal Revenue Service (IRS) to be used in reporting income tax and other returns. The TIN may be either a social security number (SSN) or an employer identification number (EIN).

"U.S. person" means:

- An individual who is a U.S. citizen or U.S. resident alien,
- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States.

The TIN, as well as the information above is required in order to comply with debt collection requirements of 31 U.S.C. §§ 7701(c) and 3325(d), reporting requirements of 26 U.S.C. §§ 6041 and 6041A, and implementing regulations issued by the IRS. Failure or refusal to furnish this information may result in 28 percent backup withholding on any payments otherwise due under any awarded contract or purchase order.

The TIN may be used by the government to collect and report on any delinquent amounts arising out of the vendor's relationship with the government (31 U.S.C. § 7701(c)(3)). The TIN provided may be matched with IRS records to verify its accuracy.

Complete this section only if a TIN was not provided on page one, and select closest reason why not:

- ☐ The vendor is a nonresident alien, foreign corporation or foreign partnership that does not have income effectively connected with the conduct of a trade or business in the United States and does not have an office or place of business or a fiscal paying agent in the United States;
- ☐ The vendor is an agency or instrumentality of a foreign government;

**Additional Information required for vendors used for procurement
(purchase orders, contracts, etc.)**

Indicate which, if any, of the following categories are applicable. These categories require that the vendor is 51% owned and the management and daily operations are controlled by one or more members of the selected socio-economic group:

- ☐ Women Owned Business        ☐ Not Applicable
- ☐ Minority Owned Business *(If yes, select one of the owner's race/ethnicity selections from below)*:
  - ☐ Asian-Pacific American    ☐ Black American       ☐ Subcontinent Asian (Asian-Indian) American
  - ☐ Hispanic American          ☐ Native American       ☐ Other:

Date: 1/11/2019 _____

_____
*Vendor's signature*

--------------------------------------------------------------------

**For Agency Use Only**
The vendor name and DUNS number is all that is required for registered System for Award Management (SAM) vendors (formerly CCR). (Check www.sam.gov for registration status.) Do not use this form for purchase card merchants.

Mark Boxes that apply:  ☐ Addition      ☐ Change      ☐ Vendor Code: _____ *(make entry only if change)*
                       ☐ Active       ☐ Inactive    ☐ Vendor Type: _____

| The following information is optional for individuals whose name and telephone are already on the form: |
|---|
| Contact Name: |
| Telephone Number: _____ Email: _____ |

| Identification of person making this request: |
|---|
| Name: |
| Telephone Number: _____ Originating Office: _____ |

Please type or print clearly.      Please type or print clearly. For JIFMS Users only, e-mail the completed form to: jifms@support.aotx.uscourts.gov. For Court
FAS4T Users, send this form to the local court Vendor Administrator. For questions regarding JIFMS and Court FAS4T please
contact SDSO at (210) 301-6320.

This form should be completed with signature by the vendor and submitted by Judiciary staff only.
Sensitive information must be securely maintained and only visible to the appropriately designated financial employee.

Photo ID of Assignor



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

---

In Re:

    Laura Nicoleau-Berman

Case No.:      <u>18-17673</u>
Chapter:          <u>11</u>
Hearing Date:   February 19, 2019
Judge:          SLM

## ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS

The relief set forth on the following page is ORDERED.

The court having heard the motion filed by **John J. Marshall, Assignee**, and any objections filed, it is

ORDERED that the motion is GRANTED and the amount of **$3427.20** will be forwarded to **John J. Marshall, Assignee** at the following address:

**6800 Paragon Place, Suite 202**

**Richmond, VA  23230-1656**

*new.8/1/15*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

In Re:

    Laura Nicoleau-Berman

| | |
|---|---|
| Case No.: | <u>18-17673</u> |
| Chapter: | <u>11</u> |
| Hearing Date: | February 19, 2019 |
| Judge: | SLM |

## CERTIFICATE OF SERVICE

Notice is hereby given to the Court that on _____1/16/19_____ the following parties

were served, via first class mail, of the intent of **John Marshall, acting pro se, and as the**

**Assignee of Laura Nicoleau-Berman** ("Claimant") whose mailing address is **6800 Paragon**

**Place, Suite 202, Richmond, VA  23230-1656**, to apply for the release of unclaimed funds in the

above named case:

**Office of the US Attorney**
**502 Federal Building**
**970 Broad Street, Room 700**
**Newark, NJ 07102**

**Laura Nicoleau-Berman**
**703 Doctors Path**
**Riverhead, NY 11901**
**Phone 646-498-5776**

**US Trustee for the District of NJ**
**One Newark Center, Suite 2100**
**1085 Raymond Boulevard**
**Newark, NJ  07102**

**Andrea Silverman, Esq**
**Andrea Silverman, PC**
**150 River Road  Unit H4**
**Montville, NJ 07045**

**Marie-Ann Greenberg**
**(terminated Trustee)**
**30 Two Bridges Rd Ste 330**
**Fairfield, NJ 07004**

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Assignee:

By: John J. Marshall, *pro se*

The Affiant, being personally known to me (or having provided satisfactory evidence of his identification and authority to execute this Affidavit) has Sworn & Subscribed to same before me on this 16th day of January, 20 19

NOTARY PUBLIC
State of VA                County of Henrico

My Commission Expires on: 2/29/2020

KATHRYN T LUNSFORD
NOTARY PUBLIC
REG # 7521795
COMMISSION EXPIRES 2/29/2020
COMMONWEALTH OF VIRGINIA

# EXHIBIT C

# John J Marshall
## 6800 Paragon Place   Suite 202
## Richmond, VA  23230-1656

Phone    804-285-0807
Fax      804-452-7492

Email JMarshall@JMPartnersLLC.com

April 20, 2019

US Bankruptcy Court
ATTN: Clerks Office
50 Walnut Street
Newark, NJ 07102

    **RE:**    **CASE # 18-17673 Laura Nicoleau-Berman**

Gentlemen;

    I feel that there are flaws with the Order denying my Motion for the recovery of unclaimed funds on behalf of myself, **_John J. Marshall, pro se, as Assignee of Laura Nicoleau-Berman._**

    Specifically, there are two problems:

(a) You failed to provide me service with the Order. I only found out about it by logging into the case today when checking on items that should have been acted on some time ago (such as this item). Turns out it was acted on in a timely fashion, but again you failed to notice me of that fact, or serve the Order itself on me. Please insure you update your records/system such that service is achieved in the future.

(b) In terms of the Order itself, there are three reasons noted as the cause of the denial. I address each one below:

    (1) That I failed to demonstrate that the Debtor had authority to make an assignment: This case was originally filed as a Chapter 13 case. Subsequent to conversion, the terminated Chapter 13 Trustee remitted the remaining Surplus Funds to the Debtor as required, but the Debtor did not receive the check as she had changed addresses and failed to update the Trustee. The Debtor, who remains the Debtor in Possession in the instant Chapter 11 case, was and is unquestionably entitled to receive the funds as they were clearly shown on the Chapter 13 Trustee's final report as being Surplus Funds refunded to the Debtor. As the owner of the Surplus Funds, the Debtor, acting now as Debtor in Possession, has the legal right to sell and assign her rights to the Surplus Funds as a normal course of business matter of asset administration.

    (2) That I failed to demonstrate that the Debtor was legally entitled to receive the unclaimed funds: As noted above – and as is docketed in the instant case at # 42 on 10/23/18 in the TFR – the funds were Surplus Funds to be returned to the Debtor, making her legally entitled to the funds. Further, at docket entry #53 on 11/19/18, the Chapter 13 Trustee clearly deposited the funds with the Court as they were "undeliverable."

    (3) That I failed to adequately explain the history of the funds and the Debtor's relationship thereto: This is clearly a flawed view, since my Motion founds at Docket #62 entered on 1/23/19 contained ample and sufficient evidence of the history, the Debtor's rights, and the Assignment to me.

    In short, I paid the Debtor for the rights - which rights, by the evidence on this Court's docket and as referenced above – should not be in question. As the Assignee and thus legal owner of those rights, I would respectfully ask that the Motion be reconsidered and properly approved.

    I do not have any objection to resubmitting a new Motion – but since all the information is already on the docket, and given the flaws noted above, I think it would be appropriate for the Court to address these matters first,

since it is difficult to understand what additional items the Court could reasonably require to prove that which is proven by items already in your possession.

   If there are any questions please contact me by email (preferred), phone, fax or regular mail, all as listed above.

        Very truly yours,

        John J. Marshall

cc:  File # 92301

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

---

In Re:

    Laura Nicoleau-Berman

Case No.:     <u>18-17673</u>
Chapter:      <u>11</u>

Hearing Date:  July 16, 2019

Judge:       SLM

---

## NOTICE OF MOTION FOR RECONSIDERATION

PLEASE TAKE NOTICE that the undersigned **John Marshall, _pro se_, as Assignee of Laura Nicoleau-Berman** is making an application to the above-named Court on July 16, 2019 at 11:00 am, for an Order reconsidering and vacating the March 8, 2019 Order denying the Assignee's Motion for Disbursement of Unclaimed Funds (doc 77).

PLEAE TAKE FURTHER NOTICE that in support of the within application, the offers the enclosed affidavit, as well as the supporting documents found herewith.

*I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.*

By: John J. Marshall, *pro se*
Signed on this ___ day of __June__, 20 __19__

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

In Re:

    Laura Nicoleau-Berman

Case No.:      18-17673
Chapter:       11

Hearing Date:  July 16, 2019

Judge:         SLM

## MOTION FOR RECONSIDERATION

**John Marshall, as Assignee of Laura Nicoleau-Berman** hereby moves the Court for

Reconsideration of it's Order (doc 77) denying Assignee's Motion for Disbursement of

Unclaimed Funds (doc 62).  In support of this Motion, the Assignee provides the enclosures found

herewith.

*I hereby certify under the pains and penalties of perjury that the foregoing statements are*

*true and correct to the best of my knowledge and belief.*

By: John J. Marshall, *pro se*
Signed on this 14 day of June, 20 19

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

---

In Re:

    Laura Nicoleau-Berman

| | |
|---|---|
| Case No.: | <u>18-17673</u> |
| Chapter: | <u>11</u> |
| Hearing Date: | July 16, 2019 |
| Judge: | SLM |

---

## AFFIDAVIT IN SUPPORT OF MOTION FOR RECONSIDERATION

**John Marshall, *pro se*, as Assignee of Laura Nicoleau-Berman** hereby certifies and states as

follows:

(1) The Terminated Chapter 13 Trustee deposited $3427.20 in unclaimed funds, representing a

    Debtor Surplus, on November 19, 2018 due to the check having been returned to her and

    marked undeliverable.

(2) Assignee purchased the rights to the account from the Debtor effective January 7, 2019, and

    providing evidence of same to this Court, made its Motion for Disbursement of Unclaimed

    Funds on January 23, 2019 (doc 62).

(3) This Court entered its Order denying the Assignee's Motion on March 8, 2019 (doc 77), and

noted therein three (3) points that such denial was based upon. Those points – and the

Assignee's response to same – are as follows:

(i)    POINT: The movant failed to adequately demonstrate that the Debtor had

authority to make an assignment. RESPONSE: At the time of the

Assignment (per the documents submitted as evidence with the original

Motion (doc 62)) the Debtor was (and continues to be, as of this date) the

Debtor-in-Possession. As such, the Debtor has the unquestioned right to

continue operating in the normal course of business. The amount involved

here ($3427.20) would fall into the normal course of business category,

based both on (a) it negligible amount, as compared to the Debtor's assets

(evidenced by the schedules filed in this case), and (b) the fact the Chapter

13 Trustee – acting under the authority of the Court – attempted to remit

the funds to the Debtor, as same were due solely to the Debtor upon

termination of the Chapter 13 and conversion to the Chapter 11. Given the

forgoing, it's a certainty that the Debtor was entitled to administer the

funds in question, and therefor had the right to recover the unclaimed

funds (at her expense), or sell the rights to same (a commercially

reasonable and often exercised transaction - for which the net recovery to

her via evidence found at doc 62 was greater, therefore providing her a net

higher amount of resources for Chapter 11 purposes).

(ii)    POINT: The movant failed to adequately demonstrate that the Debtor was

legally entitled to receive the unclaimed funds in question. RESPONSE:

In addition to the comments found at (i) above, each of which ties to the

response to this point, it is stressed that the Chapter 13 Trustee remitted

the funds to the Debtor, and the only reason the Debtor did not receive and

cash the check was that it was never received by the Debtor.  To be sure, it

was returned to the Chapter 13 Trustee marked "undeliverable" by the

United States Postal Service.  There has been no suggestion by this Court

that the Chapter 13 Trustee should not have remitted the surplus to the

Debtor after conversion, nor the only reason that this Court holds the

funds is because of the returned mail, nor that the Debtor (in her capacity

as Debtor-in-Possession) could not legally receive and administer the

funds.

(iii)    POINT: The movant failed to adequately explain the history of the funds

and the Debtor's relationship thereto. RESPONSE:  The Motion (doc 62)

provided ample evidence to explain the history of the funds, including by

not limited to: (a) the Chapter 13 Trustee's deposit, (b) the old and new

addresses of the Debtor (of which the Debtor's failure to provide the new

address to the Chapter 13 Trustee was the cause of the undeliverable

mail), and (c) the Debtor's exercise of her right to assign her rights –

which the consummation of same resulting in my ownership status as

Assignee, leading to my right to submit the Motion for Disbursement of

Unclaimed Funds.

(4) Assignee represents that the facts and circumstances set forth herein do affirmatively

respond to the basis of the Court's previous denial, and provide a factual basis for the relief

herein sought.

I hereby certify under the pains and penalties of perjury that the forgoing statements are true and

correct to the best of my knowledge and belief.

Assignee: _____
Signature — John Marshall, *pro se*

Subscribed and Sworn before me
this _14_ day of _June_ ,
20_19_ by the above named Assignee

Notary Public: _____

My Commission Expires: _6-30-20_

Evidence and Supporting Documents related to the Motion for Reconsideration

*INDEX TO ENCLOSURES*

## Unclaimed Funds Recovery

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

| | |
|---|---|
| **Evidence of Funds Deposit by Trustee** | 1 |
| **Chapter 13 Final Report, showing Surplus** | 2 |
| **Copy of filing found at doc 62** | 3 |
| **Copy of Order denying found at doc 77** | 4 |
| **Proposed Order approving Reconsideration** | 5 |
| **Proposed Order approving Disbursement** | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

UNITED STATES BANKRUPTY COURT
DISTRICT OF NEW JERSEY
Marie-Ann Greenberg MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

IN RE:

LAURA NICOLEAU-BERMAN,                          Case No.:  18-17673 SLM

                                    Debtor

### NOTICE DEPOSITING UNCLAIMED FUNDS
### PURSUANT TO D.N.J. LBR 7067-1

Marie-Ann Greenberg, Trustee in the above captioned matter, states that the entire amount in the Trustee's Account has been disbursed and that the following funds remain unclaimed. The undersigned shall immediately forward a check to the Court in the amount of $3,427.20, payable to the Clerk, United States Bankruptcy Court. The party entitled to said funds is listed below together with the last known address and other additional information.

Payee Name & Address:    LAURA NICOLEAU-BERMAN - Debtor's Refund
                         7 WARNER ROAD
                         NEWTON, NJ 07860

Amount:                  $3,427.20

Trustee Claim Number:    0

Reason:                  Checks have been returned as undeliverable

                                    By:   /S/ Marie-Ann Greenberg
Dated: November 19, 2018                  MARIE-ANN GREENBERG
                                          CHAPTER 13 STANDING TRUSTEE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

LAURA NICOLEAU-BERMAN

Debtor(s)

Case No. 18-17673

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Marie-Ann Greenberg, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 04/17/2018.

2) The plan was confirmed on NA.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was converted on 09/25/2018.

6) Number of months from filing to last payment: 4.

7) Number of months case was pending: 6.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $29,420.00.

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have not cleared the bank.

UST Form 101-13-FR-S (09/01/2009)

**Receipts:**

| | |
|---|---|
| Total paid by or on behalf of the debtor | $3,600.00 |
| Less amount refunded to debtor | $3,427.20 |

**NET RECEIPTS:**                                                        **$172.80**

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $0.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $172.80 |
| Other | $0.00 |

**TOTAL EXPENSES OF ADMINISTRATION:**                        **$172.80**

Attorney fees paid and disclosed by debtor:            $5,200.00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| AMERICAN EXPRESS NATIONAL BAN | Unsecured | 1,507.89 | 1,583.68 | 1,583.68 | 0.00 | 0.00 |
| BANK OF AMERICA | Unsecured | 5,811.93 | NA | NA | 0.00 | 0.00 |
| CREDIT ONE BANK | Unsecured | 1,800.00 | NA | NA | 0.00 | 0.00 |
| DIRECTV LLC | Unsecured | NA | 129.32 | 129.32 | 0.00 | 0.00 |
| DISCOVER BANK | Unsecured | NA | 13,924.40 | 13,924.40 | 0.00 | 0.00 |
| DISCOVER CARD | Unsecured | 14,140.00 | NA | NA | 0.00 | 0.00 |
| FARM CREDIT EAST | Secured | 0.00 | NA | NA | 0.00 | 0.00 |
| HSBC | Unsecured | 6,000.00 | NA | NA | 0.00 | 0.00 |
| KONDAUR CAPITAL CORPORATION | Secured | 0.00 | 68,395.10 | 68,395.10 | 0.00 | 0.00 |
| M & T BANK | Secured | 0.00 | 85,203.32 | 85,203.32 | 0.00 | 0.00 |
| MIDLAND FUNDING LLC | Unsecured | 7,994.21 | 7,860.12 | 7,860.12 | 0.00 | 0.00 |
| MIDLAND FUNDING LLC | Unsecured | 4,990.00 | 4,990.17 | 4,990.17 | 0.00 | 0.00 |
| PORTFOLIO RECOVERY ASSOCIATES | Unsecured | 1,862.87 | 2,003.33 | 2,003.33 | 0.00 | 0.00 |
| U.S. DEPARTMENT OF EDUCATION | Unsecured | NA | 19,822.45 | 19,822.45 | 0.00 | 0.00 |
| VERIZON | Unsecured | NA | 92.11 | 92.11 | 0.00 | 0.00 |

UST Form 101-13-FR-S (09/01/2009)

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $153,598.42 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$153,598.42** | **$0.00** | **$0.00** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$50,405.58** | **$0.00** | **$0.00** |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | $172.80 |
| Disbursements to Creditors | $0.00 |
| **TOTAL DISBURSEMENTS :** | **$172.80** |

12) The trustee certifies that the foregoing summary is true and complete and all administrative matters for which the trustee is responsible have been completed. The trustee requests that the trustee be discharged and granted such relief as may be just and proper.

Dated: 10/23/2018

By: /s/ Marie-Ann Greenberg
Trustee

**STATEMENT**: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (09/01/2009)**

# John J Marshall
# 6800 Paragon Place   Suite 202
# Richmond, VA  23230-1656

Phone   804-285-0807
Fax     804-285-0939

E-mail JMarshall@JMPropcost.com

January 16, 2019

*Original to:*

US Bankruptcy Court
ATTN: Clerks Office
50 Walnut Street
Newark, NJ 07102

*With a Complete Copy to:*

| | | |
|---|---|---|
| Office of the US Attorney<br>502 Federal Building<br>970 Broad Street, Room 700<br>Newark, NJ 07102 | US Trustee for the District of NJ<br>One Newark Center, Suite 2100<br>1085 Raymond Boulevard<br>Newark, NJ 07102 | Maria-Ann Greenberg<br>(Terminated Trustee)<br>30 Two Bridges Rd Suite 330<br>Fairfield, NJ 07004 |
| Laura Nicoleau-Berman<br>703 Doctors Path<br>Riverhead, NY 11901<br>Phone 646-498-5776 | Andrea Silverman, Esq.<br>Andrea Silverman, PC<br>150 River Road Unit 114<br>Montville, NJ 07045 | |

RE:     CASE # 18-17673 Laura Nicoleau-Berman

Gentlemen:

Please find enclosed my Motion for the recovery of unclaimed funds on behalf of myself, **_John J. Marshall, pro se, as Assignee of Laura Nicoleau-Berman_**.

You will note that I have purchased an assignment of all the original creditor's rights to the account and the underlying claim that generated same. I believe you will find all required documents and proper evidence included herewith.

With respect to the hearing, it is my understanding that neither I nor counsel representing me are required to be present unless there are objections.

If there are any questions please contact me by email (preferred), phone, fax or regular mail, all as listed above.

Very truly yours,

John J Marshall

File # 92301

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re: | Case No.:    18-17673 |
| | Chapter:    11 |
| Laura Nicoleau-Berman | Hearing Date:   February 19, 2019 |
| | Judge:    SLM |

## MOTION FOR DISBURSEMENT OF UNCLAIMED FUNDS

**John Marshall, as Assignee of Laura Nicoleau-Berman** hereby moves the Court for an

order directing the United States Bankruptcy Court to disburse the sum of $ **3427.20** from the

Court's registry fund, payable to **John Marshall, Assignee**, representing unclaimed funds

previously deposited with the Court. Evidence of the Assignee's entitlement to the funds is

included herewith, as is a Certificate of Service attesting that Notice of this Motion has been

served on all required parties.

*I hereby certify under the pains and penalties of perjury that the foregoing statements are*

*true and correct to the best of my knowledge and belief.*

By John J. Marshall, *pro se*
Signed this 16 day of Jan 2019

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re: | Case No.:       18-17673 |
| | Chapter:         11 |
| Laura Nicoleau-Berman | Hearing Date:   February 19, 2019 |
| | Judge:             SLM |

## ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS

The relief set forth on the following page is ORDERED.

The court having heard the motion filed by John J. Marshall, Assignee, and any objections filed, it is

ORDERED that the motion is GRANTED and the amount of $3427.20 will be forwarded to **John J. Marshall, Assignee** at the following address:

**6800 Paragon Place, Suite 202**

**Richmond, VA  23230-1656**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

In Re:

Laura Nicoleau-Berman

Case No.:          18-17673

Chapter:           11

Hearing Date:      February 19, 2019
                   at 11:00 AM

## NOTICE OF MOTION and WAIVER OF APPEARANCE

PLEASE TAKE NOTICE THAT the undersigned, John J. Marshall, *pro se*, acting as the Assignee of Laura Nicoleau-Berman shall apply before the Hon. Kathryn C. Ferguson at the United States Bankruptcy Court, 402 East State Street, Trenton, New Jersey, on February 19, 2019 at 11:00 a.m. for an Order directing the Clerk of the United States Bankruptcy Court to withdraw from the registry of this Court the amount of $3,427.20 and remit the same to John J. Marshall, Assignee as its dividend from the administration of the above captioned matter.

The dividend check was not received due to the original creditor having changed mailing addresses and neglecting to have subsequently updated same with the Trustee with the new address, all as is fully detailed in the Affidavit provided with this motion. The transaction has been consummated as detailed in the evidence provided to this Court thus, Assignee now moves for the release of the funds to which it is entitled.

Lacking objection, it would be an undue hardship to require the Assignee, who resides in Virginia, to appear in New Jersey for a hearing on this matter. Thus, Assignee hereby waives oral argument and requests disposition on the papers as filed.

A proposed form of Order is attached.

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Assignee:

By: John J. Marshall, *pro se*

The above being personally known to me [or having proved satisfactory evidence of his identification and authority to execute this Affidavit] has Sworn & Subscribed to same before me on this 16th day of *January*, 2019

*Kathryn T. Lunsford*
NOTARY PUBLIC
State of VA,                County of *Henrico*

My Commission Expires on **2/29/2020**



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re: | Case No.: 18-17673 |
| | Chapter: 11 |
| Laura Nicoleau-Berman | Hearing Date: February 19, 2019 |
| | Judge: SLM |

## CERTIFICATE OF SERVICE

Notice is hereby given to the Court that on _1/16/19_ the following parties
were served, via first class mail, of the intent of John Marshall, acting pro se, and as the
Assignee of Laura Nicoleau-Berman ("Claimant") whose mailing address is 6800 Paragon
Place, Suite 202, Richmond, VA  23230-1656, to apply for the release of unclaimed funds in the
above named case:

Office of the US Attorney
502 Federal Building
970 Broad Street, Room 700
Newark, NJ 07102

US Trustee for the District of NJ
One Newark Center, Suite 2100
1085 Raymond Boulevard
Newark, NJ  07102

Marie-Ann Greenberg
(terminated Trustee)
30 Two Bridges Rd Ste 330
Fairfield, NJ 07004

Laura Nicoleau-Berman
703 Doctors Path
Riverhead, NY 11901
Phone 646-498-5776

Andrea Silverman, Esq
Andrea Silverman, PC
150 River Road  Unit 144
Montville, NJ 07045

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Assignee:

By: John J. Marshall, *pro se*

The Affiant, being personally known to me or having provided satisfactory evidence of his identification and authority to execute this Affidavit has Sworn & Subscribed to same before me on this 16th day of January , 20 19

Kathryn T. Lunsford
NOTARY PUBLIC
State of VA                    County of Henrico

My Commission Expires on 2/29/2020

Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing

*INDEX TO ENCLOSURES*

## Unclaimed Funds Recovery

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

Evidence of Funds Deposit by Trustee        1

Complete Assignment Package        2

Affidavit of John J. Marshall / Assignee        3

4

5

6

7

8

9

10

11

12

13

14

15

### Brief History Statement & Recap of Supporting Evidence:

**_Laura Nicoleau-Berman_** was (and is) the debtor in this case, and the creditor ("Creditor") with respect to the unclaimed funds in this case. Creditor changed mailing addresses subsequent to the claim filing and failed to update same with the Court or Trustee in a timely fashion, leading to the unclaimed funds in this matter.

John J. Marshall *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and offered to purchase the rights to the account and underlying claim from the Creditor. After their review of the matter, the Creditor decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and present Owner of the funds in question.

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

Case 18-17673-SLM    Doc 53    Filed 11/19/18    Entered 11/19/18 15:17:13    Desc Main
Document      Page 1 of 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Marie-Ann Greenberg MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

IN RE:

LAURA NICOLEAU-BERMAN,                              Case No.: 18-17673 SLM

                        Debtor

NOTICE DEPOSITING UNCLAIMED FUNDS
PERSUANT TO 11 U.S.C. 347(a) / 2042

Marie-Ann Greenberg, Trustee in the above captioned case, states that the entire amount in the Trustee's
Account has been disbursed and that the following funds remain unclaimed. The undersigned shall immediately
forward a check to the Court in the amount of $ 3,427.30, payable to the Clerk, United States Bankruptcy Court.
The party entitled to said funds is listed below together with the last known address and other additional
information.

Payee Name & Address:        LAURA NICOLEAU-BERMAN (Debtor - Refund)
                             7 WARNER ROAD
                             NEWTON, NJ 07860

Amount:                      $3,427.30          <--  │ The Funds │

Trustee Claim Number:        0

Reason:                      Checks have been returned or uncashed by Payee

Dated   November 19, 2018                        /s/ Marie-Ann Greenberg
                                                MARIE-ANN GREENBERG
                                                CHAPTER 13 STANDING TRUSTEE

**Evidence and Supporting Documents** related to an Unclaimed Funds Recovery filing

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

**HOLDER: USBC New Jersey**
**CASE # 18-17673 Nicoleau-Berman**
**CLAIMANT: John J. Marshall, Assignee**

Purchase & Assignment of Interest .......... 1

Bill of Sale .......... 2

Affidavit of Assignor w/ Photo ID .......... 3

Evidence Item as appropriate .......... 4

.......... 5

.......... 6

.......... 7

.......... 8

.......... 9

.......... 10

.......... 11

.......... 12

.......... 13

.......... 14

.......... 15

**Brief History Statement & Recap of Supporting Evidence:**

*Laura Nicoleau-Berman* was (and is) the debtor in this case, and the creditor ("Creditor") with respect to the unclaimed funds in this case. Creditor changed mailing addresses subsequent to the claim filing and failed to update same with the Court or Trustee in a timely fashion, leading to the unclaimed funds in this matter.

John J. Marshall *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and offered to purchase the rights to the account and underlying claim from the Creditor. After their review of the matter, the Creditor decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and present Owner of the funds in question.

Prepared & Submitted by:

John Marshall *pro se*
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
JMarshall@JMPartnersLLC.com

## PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **January 7, 2019** by and between Laura Nicoleau-Berman, 703 Doctors Path, Riverhead, NY 11901 **Phone 646-498-5776** ("Seller") and John J. Marshall, c/o JM Partners LLC, 6800 Paragon Place, Suite 202, **Richmond, VA 23230-1656** (hereinafter "Buyer").

### RECITALS

A.  Seller was/is the debtor in Bankruptcy Case # 18-17673 (Laura Nicoleau-Berman - Debtor) as was filed in the **United States Bankruptcy Court for the District of New Jersey** (hereinafter the "Bankruptcy Case"). In their capacity as creditor, Seller was entitled to that certain refund or distribution of funds in the amount of **$ 3427.20** (hereinafter "Funds"), which remittance was attempted by the Trustee at the Sellers last known address  Such remittance was never negotiated, however  and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C  347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042

B.  Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in Funds - Seller desires to legally Sell and Assign his interest in such Funds. and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest. Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same. and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, **THEREFORE**, in consideration of the mutual covenants  representations. and warranties contained in this Agreement. the parties agree as follows

### ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1 1 Assets to be assigned  Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title and interest of Seller in and to the following described Property   THAT CERTAIN **UNCLAIMED FUNDS** account in the amount of **$ 3427.20** as is held for the benefit of Seller  on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the District of New Jersey**. and as is evidenced by the attachments hereto. as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign -- and Buyers intent, desire, and notice to accept such assignment -- of the Assets identified in paragraph 1 1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase  The purchase price shall be **$ 3015.93** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement and the providing of all documents and evidence required to prove both ownership and assignment (or  at the Sellers Option  shall be remitted via wire transfer immediately upon  receipt of the executed documents validating the transaction)

1.4  To the extent necessary under applicable law (but only to such extent)  Seller hereby irrevocably appoints Assignee or John J  Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

### ARTICLE 2 – CLOSING

2 1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents  At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required.  Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents.  Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2 2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including  but not limited to, legal fees, accounting fees, consulting fees. and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses

### ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3 1 State of Title and AS IS Sale. Seller has not made  does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character. whether expressed or implied. oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same

3 2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date (a) Buyer is an individual experienced in these matters, and is qualified to transact the business detailed in this Agreement  (b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms  (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms  conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law  judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer each of which is true and correct as of the date of this Agreement and will be true and correct as of the Closing Date: (a) Seller is the party referenced in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer -- though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE  If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery). (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing

IF TO SELLER.
**Laura Nicoleau-Berman**
**703 Doctors Path**
**Riverhead, NY 11901**
**Phone 646-498-5776**

IF TO BUYER
John Marshall
c/o JM Partners LLC
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656
Phone 804-285-0807

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts  This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF** the parties hereto have caused this Agreement to be executed as of the day and year first written above.

For the Seller:

_____
Laura Nicoleau-Berman

Buyer:

_____
John Marshall
An Individual

Sworn & Subscribed to before me on this
___ day of _____, 20__

_____

NOTARY PUBLIC
State of _____, County of _____

My Commission Expires on: _____

# *BILL OF SALE*

| SELLER: | Laura Nicoleau-Berman |
| | 703 Doctors Path |
| | Riverhead, NY 11901 |
| | Phone 646-498-5776 |

In consideration of the sum of ***Three Thousand Fifteen Dollars & 93/100 ($ 3015.93) payable immediately upon receipt by buyer of all documents required to prove seller's ownership and authority to convey assignment***, I, Laura Nicoleau-Berman, acting in my ***individual capacity*** (hereinafter "SELLER"), hereby sell, convey, and transfer all rights, title and interest to the below referenced bankruptcy Unclaimed Funds Account in the amount of ***$ 3427.20*** that was generated via Trustee's Deposit as entered by the Clerk on the records of the Court - to: ***John J. Marshall, individually (hereinafter referred to as BUYER), of c/o JM Partners LLC, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656.***

## *CLAIM INFORMATION / ITEM(S) BEING SOLD:*

| Debtor: | Laura Nicoleau-Berman | Case: | 18-17673 |
| Court: | US Bankruptcy Court for the District of New Jersey | Chapter: | 11 |

| Type | Filed By / Comments |
| Refund of Surplus | Laura Nicoleau-Berman |

For the Seller:

Laura Nicoleau-Berman

Seller's SS# _____ (last 4 digits only!)
Sworn & Subscribed to before me on this
_____ day of _____, 20__

NOTARY PUBLIC
State of _____ County of _____

My Commission Expires on: _____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re: | Case No.:        18-17673 |
| | Chapter:             11 |
| Laura Nicoleau-Berman | Hearing Date: |
| | Judge: |

## AFFIDAVIT AND IDENTIFICATION OF CREDITOR / ASSIGNOR
## or its AUTHORIZED REPRESENTATIVE

I, **Laura Nicoleau-Berman**, acting in my **individual capacity** (and hereinafter "Creditor" or "Assignor"), hereby declare as follows:

1) Creditor was/is the Debtor in this case, and has been made aware of the fact that they are due certain funds as a refund or surplus or other refund, return or distribution, which the Trustee attempted to send to the last known address, and is referenced on the attached Report of Deposit of Unclaimed Funds. The amount is **$ 3427.20.**

2) Creditor's address has changed since the original filing of the claim, and to the best of the Creditor's knowledge, that address change was never reported to the Court nor the Trustee, and that is the likely cause of the funds being returned, and remitted on to the Registry of such unclaimed funds. Evidence linking us to the matter, as well as my own identity, is provided herewith.

3) Creditor has knowingly and consciously decided to sell and assign all interest in such funds to **John J. Marshall**, an individual, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement, which includes the transfer of the underlying claim itself to the extent it generated such funds. Creditor hereby grants all interest in such claim and the funds generated by same to **John J. Marshall**, and agrees to provide any reasonably required additional supporting evidence of our original ownership of the claim, or to execute any other court-required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

4) Creditor has no other pending application for the release of the funds due for the Claim, nor has Creditor contracted with any other party for the recovery of such funds. Creditor has not previously sold the Claim or rights to it - nor the interest in the funds derived from the claim - to any other party. Creditor is still the owner of the claim and funds, is entitled to payment, and is now selling and assigning all such rights and entitlement solely to John J. Marshall.

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Creditor: Laura Nicoleau-Berman

By: Laura Nicoleau-Berman

The affiant, being personally known to me for having provided satisfactory evidence of his/her identification and authority to execute this Affidavit has Sworn & Subscribed to same before me on this ___ day of _____, 20___

NOTARY PUBLIC
State of _____        County of _____ ss:

My Commission Expires on: _____

Case 18-17673-SLM    Doc 58    Filed 12/12/18

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Andrea Silverman, PC
Andrea Silverman, Esq.
180 River Road, O2B
Montville, NJ 07045
(973)794-3960;(973)794-3962(fax)
Bar ID 018642004
Attorney for Debtor(s)

In Re:

Laura Nicoleau-Bervan

CHANGE OF ADDRESS

Under D. N.J. LBR 2002-1(a)(11) ...

Party's name/type:        Laura Nicoleau-Bervan, Debtor

(Example: Joan Smith, creditor)

          Old address:        77 Warner Street

                              New City, NY

          New address:        703 Upchurch Lane

                              Knoxville, NY

| Change of Address as was filed in the case by the Debtor, but alas too late to prevent the unclaimed funds |

          New phone no:

          (If debtor is filing the change please include ...)

I hereby certify under penalty of ...

... is my responsibility to notify the court ... of my change of address.

Date:     12/10/2018

# M&T Bank

FOR INQUIRIES CALL:    (800) 724-2440

LAURA NICOLEAU-BERMAN
DEBTOR IN POSSESSION #18-17673
7 WARNER RD
FREDON TWP NJ 07860

Evidence of use of
address listed on the
unclaimed funds acct

GLICO INSURANCE AGENCY INC
ONE GLICO BLVD
FREDERICKSBURG, VA 22419

UNIVERSAL NORTH AMERICA INC
HOMEOWNER POLICY
SAN ANTONIO, TX 78227

**Policy Number        Term**

**Premium Payment        Due Date**

LAURA NICOLE ALI
703 DOCTORS PATH
RIVERHEAD NY 11901

Named Insured and New Address

Evidence of use of new address.

Mortgagee:

Your Producer:
GLICO INSURANCE AGENCY INC
Producer Code:    15415S

**Payment Plans**

**24-Hour Automated Policy Information: (800)** 

**Installment Premium**

| Amount | Due Date |
| --- | --- |

See reverse side for Coverages, Endorsements, and other detail

**AUTOMATIC WITHDRAWAL REMINDERS**

Named Insured    LAURA NICOLE ALI
Policy Number    HNH3006100

Thank you for choosing our
electronic payment option. We will
withdraw payment of $
from your account on
Should you need to report an
address change, you may keep
this statement and coupon for
your records.



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| In Re: | | Case No.: | 18-17673 |
|---|---|---|---|
| | | Chapter: | 11 |
| Laura Nicoleau-Berman | | Hearing Date: | February 19, 2019 |
| | | Judge: | SLM |

## AFFIDAVIT OF ASSIGNEE/CLAIMANT

I, **John J. Marshall,** *pro se,* **acting in my individual capacity as the Assignee of the original creditor in this matter,** (hereinafter "Assignee") state and declare as follows:

1) Assignee has purchased the rights to the account and underlying claim from the original creditor in this matter, **Laura Nicoleau-Berman** ("Assignor"), and thus is now the owner of that certain Claim as is indicated on the register of claims, along with those certain Unclaimed Funds generated there, by and for the benefit of such Claim. Evidence of same is included herewith. My photo ID information is as follows:



2) I have made all efforts required to know to the best of my knowledge that there is no other firm or individual who would be entitled to the benefit of the aforementioned Claim or Unclaimed Funds, and I have not engaged any other party to assist with the recovery of same. If you have any questions about this filing, or the account in general, please direct them to me as follows:

**John J Marshall, *pro se*, Assignee**
**6800 Paragon Place, Suite 202**
**Richmond, VA  23230-1656**

864-285-0807
864-452-7492 FAX
JMarshall@JMPartnersLLC.com

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Assignee:

By: John J. Marshall, *pro se*

The Affiant, being personally known to me or having presented satisfactory evidence of his identification and authority to execute this Affidavit has Sworn & Subscribed to same before me on this 16th day of January , 20 09

Kathryn T. Lunsford
NOTARY PUBLIC
State of VA                    County of Henrico

My Commission Expires on: 2/29/2020



AO 213
(Rev 01/16)

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS
Accounting Division

**VENDOR INFORMATION/TIN CERTIFICATION**
Mandatory Information that MUST be provided before submission

☐ Ex-AO Employee
☐ SAM Vendor
*(formerly CCR)*
*(No TIN Certification Required)*

| Vendor Address | Other Address *(if different from Vendor Address)* |
|---|---|
| Select all that apply ☐ Order ☐ Remit ☐ 1099 | Select all that apply ☐ Order ☐ Remit ☐ 1099 |

**Vendor Address**

Name: John J. Marshall

Business Name:
*(if different from above)*

Address 1: 6800 Paragon Place, Ste 202

Address 2:

City: Richmond

State: VA        Zip Code: 23230

Phone #: 804-285-0807    E-mail: JMarshall@JMPartnersLLC.com

Taxpayer Identification #
*(EIN, SSN, or ITIN number)*

DUNS #

**Other Address**

Address:

City:

State:        Zip Code:

Phone #:

Description:

**Financial Information**

Bank Name:
USAA Federal Savings Bank

City: San Antonio

State: TX    Zip Code: 78288

Routing # *(digits are between symbols at the bottom left of a check, 9 numbers)*

Type of Account: ☐ Checking ☐ Savings

Type of Organization for 1099 reporting:

☐ sole proprietorship;

☐ corporate entity *(not tax-exempt)*;

☐ health care provider;

☐ government entity *(state in either federal, state or local)*

☐ partnership;

☐ corporate entity *(tax-exempt)*;

☐ other

**Taxpayer Identification Number Certification**

Under penalties of perjury, I certify that:

1. The Taxpayer Identification Number listed in the Vendor Address area above is the correct number assigned to me, and

2. I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to the backup withholding, and

3. I am a U.S. citizen or other U.S. person *(as defined)*

☐ You must select this check box if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. If you make a false statement with no reasonable basis that results in no backup withholdings, you are subject to a $500 penalty. Willfully falsifying certifications or affirmations on this form may subject you to criminal penalties including fines and/or imprisonment.

Page 1 of 2

AG 213
(Rev 01/10)

**Definitions:**

"Taxpayer Identification *(ID, SS or TIN number)*" is the number required by the Internal Revenue Service (IRS) to be used in reporting income tax and other returns. The TIN may be either a social security number (SSN) or an employer identification number (EIN).

"U.S. person" means:

- An individual who is a U.S. citizen or U.S. resident alien
- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States.

The TIN, as well as the information above is required in order to comply with debt collection requirements of 31 U.S.C. §§ 7701(c) and 3325(d), reporting requirements of 26 U.S.C. §§ 6041 and 6041A, and implementing regulations issued by the IRS. Failure or refusal to furnish this information may result in 28 percent backup withholding on any payments otherwise due under any awarded contract or purchase order.

The TIN may be used by the government to collect and report on any delinquent amounts arising out of the vendor's relationship with the government (31 U.S.C. § 7701(c)(3)). The TIN provided may be matched with IRS records to verify its accuracy.

Complete this section only if a TIN was not provided on page one. Check box to indicate reason why not:

☐ The vendor is a nonresident alien, foreign corporation or foreign partnership that does not have income effectively connected with the conduct of a trade or business in the United States and does not have an office or place of business or a fiscal paying agent in the United States.

☐ The vendor is an agency or instrumentality of a foreign government.

**Additional information required for vendors used for procurement**
**(purchase orders, contracts, etc.)**

Indicate which, if any, of the following categories are applicable. These categories require that the vendor is 51% owned and the management and daily operations are controlled by one or more members of the socio-economic group:

☐ Women Owned Business                                     ☐ Not Applicable

☐ Minority Owned Business *(box select one of the socio-economic groups listed below)*

    ☐ Asian-Pacific American        ☐ Black American        ☐ Subcontinent Asian (Asian-Indian American)

    ☐ Hispanic American              ☐ Native American        ☐ Other

Date: 1/11/2019

**For Agency Use Only**
The vendor name and DUNS number is all that is required for registered vendors for Award Management (SAM) vendors (formerly CCR). (Check www.sam.gov for registration status.) Do not use this form for purchase card merchants.

Mark Boxes that apply:    ☐ Addition        ☐ Change        ☐ Vendor Code

                       ☐ Active        ☐ Inactive        ☐ Vendor Type

| The following information is optional for individuals whose name and telephone are already on the form. |
|---|
| Contact Name: |
| Telephone Number:                                    E-mail: |

| Identification of person making this request. |
|---|
| Name: |
| Telephone Number:                                    Originating Office: |

Please type or print clearly.    Please type or print clearly...

It is item should be completed with signature by the vendor and verified by the financial officer.
sensitive information must be securely maintained and only collected to the extent necessary.

Page 2 of 2

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

Order Filed on March 8, 2019
by Clerk, U.S. Bankruptcy
Court - District of New Jersey

| | |
|---|---|
| In Re: | Case No.: <u>18-17673</u> |
| | Chapter: <u>11</u> |
| Laura Nicoleau-Berman | Hearing Date: ~~February 19, 2019~~ February 26, 2019 |
| | Judge:    SLM |

## ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS

The relief set forth on the following page is ORDERED.

**DATED: March 8, 2019**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

The court having heard the motion filed by **John J. Marshall, Assignee**, and any objections filed, it is

                               DENIED
        ORDERED that the motion is ~~GRANTED and the amount of $3427.20 will be forwarded~~ ~~to John J. Marshall, Assignee at the following address:~~

~~6800 Paragon Place, Suite 202~~

~~Richmond, VA  23230-1656~~

```
Because Movant failed to adequately demonstrate that:
(1) the Debtor had authority to make an assignment; and
(2) Debtor was legally entitled to receive the unclaimed
funds in question; and
(3) failed to adequately explain the history of the funds
and the Debtor's relationship thereto.
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

In Re:

    Laura Nicoleau-Berman

Case No.:    <u>18-17673</u>
Chapter:     <u>11</u>

Hearing Date:  July 16, 2019

Judge:       SLM

## ORDER

The relief set forth on the following page is ORDERED.

This matter having been opened to the Court by John Marshall, pro se, as the Assignee of Laura Nicoleau-Berman, upon an application for reconsideration and other relief, and the Court having considered the pleadings in support of the Motion; and the Court having considered opposition to the Motion; and good and sufficient cause existing for entering the within Order, it is hereby

ORDERED that:

1.  The March 8, 2019 Order be and is vacated in its entirety;

2.  The Motion for Disbursement of Unclaimed Funds is GRANTED and the amount of **$3427.20** will be forwarded to **John J. Marshall, Assignee** at the following address:

**6800 Paragon Place, Suite 202**

**Richmond, VA 23230-1656**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re: | Case No.: <u>18-17673</u> |
| | Chapter: <u>11</u> |
| Laura Nicoleau-Berman | Hearing Date: July 16, 2019 |
| | Judge: SLM |

## ORDER DIRECTING PAYMENT OF UNCLAIMED FUNDS

The relief set forth on the following page is ORDERED.

The court having heard the Motion for Reconsideration of its previous denial of the Motion for Disbursement of Unclaimed Funds, as filed by **John J. Marshall, Assignee**, and any objections filed, it is

ORDERED that the motion is GRANTED and the amount of **$3427.20** will be forwarded to **John J. Marshall, Assignee** at the following address:

**6800 Paragon Place, Suite 202**

**Richmond, VA  23230-1656**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| | |
|---|---|
| In Re:<br><br>Laura Nicoleau-Berman | Case No.:   <u>18-17673</u><br>Chapter:   <u>11</u><br><br>Hearing Date:   July 16, 2019<br>Judge:       SLM |

## WAIVER OF APPEARANCE

PLEASE TAKE NOTICE THAT the undersigned <u>John J. Marshall, *pro se*, acting as the</u> <u>Assignee of Laura Nicoleau-Berman</u> previously noted that it would be an undue hardship to require the Assignee, who resides in Virginia, to appear in New Jersey for a hearing on this matter. Thus, Assignee waives oral argument and requests disposition on the papers as filed.

Assignee:

By: John J. Marshall, *pro se*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

John J. Marshall, Assignee, *pro se*
6800 Paragon Place, Suite 202
Richmond, VA 23230

Phone: 804-285-0807

| In Re: | Case No.: | 18-17673 |
| | Chapter: | 11 |
| Laura Nicoleau-Berman | Hearing Date: | July 16, 2019 |
| | Judge: | SLM |

## CERTIFICATE OF SERVICE

Notice is hereby given to the Court that on _____6/14/19_____ the following parties

were served, via first class mail, by **John Marshall, acting pro se, and as the Assignee of Laura**

**Nicoleau-Berman** ("Claimant") whose mailing address is **6800 Paragon Place, Suite 202,**

**Richmond, VA  23230-1656,** of Claimant's Motion for Reconsideration of this Court's Order

denying the release of unclaimed funds as was entered on March 8, 2019 in the above named case:

| | | |
|---|---|---|
| **Office of the US Attorney**<br>**502 Federal Building**<br>**970 Broad Street, Room 700**<br>**Newark, NJ 07102** | **US Trustee for the District of NJ**<br>**One Newark Center, Suite 2100**<br>**1085 Raymond Boulevard**<br>**Newark, NJ  07102** | **Marie-Ann Greenberg**<br>**(terminated Trustee)**<br>**30 Two Bridges Rd Ste 330**<br>**Fairfield, NJ 07004** |
| **Laura Nicoleau-Berman**<br>**703 Doctors Path**<br>**Riverhead, NY 11901**<br>**Phone 646-498-5776** | **Andrea Silverman, Esq**<br>**Andrea Silverman, PC**<br>**150 River Road  Unit H4**<br>**Montville, NJ 07045** | |

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Assignee:

By: John J. Marshall, *pro se*

The Affiant, being personally known to me (or having provided satisfactory evidence of his identification and authority to execute this Affidavit) has Sworn & Subscribed to same before me on this 14 day of June, 20 19

NOTARY PUBLIC
State of Virginia    County of Henrico

My Commission Expires on: 6 30-20

ANN C. BROWN
NOTARY PUBLIC
REG #
7521150
COMMISSION
EXPIRES
6-30-20
COMMONWEALTH OF VIRGINIA

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**Order Filed on September 11, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey**

In Re:

LAURA NICOLEAU-BERMAN,

Debtor.

Case No.:     18-17673-SLM

Hearing Date:  July 22, 2019

Judge:     Stacey L. Meisel

Chapter:     11

# ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PAYMENT OF UNCLAIMED FUNDS

The relief set forth on the following pages, numbered two (2) through _____5_____ is **ORDERED**.

DATED: September 11, 2019

Honorable Stacey L. Meisel
United States Bankruptcy Judge

1

**THIS MATTER** having been brought before the Court by a *Motion for Reconsideration* ("**Reconsideration Motion**") having been filed on June 17, 2019 by movant John J. Marshall ("**Movant**"), *pro se* (Docket No. 90), for entry of an order vacating the March 8, 2019 Order denying Movant's *Motion for Disbursement of Unclaimed Funds* ("**Disbursement Motion**") (Docket No. 77); and the Court having considered the papers submitted; and for good cause shown;

**WHEREAS** on April 17, 2018, Debtor Laura Nicoleau-Berman ("**Debtor**") filed a Chapter 13 petition (Docket No. 1);

**WHEREAS** on August 17, 2018, Debtor filed the *Motion to Convert Case to Chapter 11* ("**Motion to Convert**") (Docket No. 30) because she did not meet the debt limit requirements set out in 11 U.S.C. § 109(e);

**WHEREAS** on September 25, 2018, the Court entered an *Order Granting Motion to Convert Case to Chapter 11* (Docket No. 38);

**WHEREAS** on October 23, 2018, the Chapter 13 Trustee filed the *Chapter 13 Standing Trustee's Final Report and Account* (Docket No. 42);

**WHEREAS** on November 19, 2018, the Chapter 13 Trustee filed a *Notice Depositing Unclaimed Funds Pursuant to D.N.J. LBR 7067-1* stating that $3,427.20 in unclaimed funds (the "**Unclaimed Funds**") were mailed to Debtor at 7 Warner Road, Newton, NJ 07860, which is the address listed on Debtor's petition (Docket No. 53);

**WHEREAS** on December 10, 2018, Debtor filed a *Change of Address* (Docket No. 58);

**WHEREAS** Debtor entered into a *Purchase Agreement & Assignment of Interest* ("**Purchase Agreement**") with Movant on January 7, 2019 (Docket No. 62-4);

**WHEREAS** the Purchase Agreement memorialized a purchase price of $3,015.93 in exchange for the assignment of the Unclaimed Funds (Docket No. 62-4);

2

**WHEREAS** Debtor failed to obtain Court approval to enter into the Purchase Agreement;

**WHEREAS** on January 15, 2019, Debtor signed a *Bill of Sale* ("**Bill of Sale**");

**WHEREAS** Movant filed the Disbursement Motion on January 23, 2019 requesting the Court disburse the Unclaimed Funds to Movant (Docket No. 62);

**WHEREAS** on March 8, 2019, the Court entered an Order denying the Disbursement Motion ("**Denial Order**") (Docket No. 77);

**WHEREAS** the Denial Order states that "Movant failed to adequately demonstrate that: (1) the Debtor had authority to make an assignment; and (2) Debtor was legally entitled to receive the unclaimed funds in question; and (3) failed to adequately explain the history of the funds and the Debtor's relationship thereto." (Docket No. 77);

**WHEREAS** on April 26, 2019, Movant filed an *Objection to Order Denying Motion for Payment of Unclaimed Funds* (Docket No. 80);

**WHEREAS** the Court entered a Notice of Receipt of Letter Requesting Relief on April 29, 2019, which directed Movant to file a formal motion (Docket No. 81);

**WHEREAS** on June 17, 2019, Movant filed the Reconsideration Motion (Docket No. 90);

**WHEREAS**, due to administrative error, the Court inadvertently did not serve Debtor with the Denial Order;

**WHEREAS**, as a result of the mistake, the Court permitted Movant's untimely filed Reconsideration Motion;

**WHEREAS** the Reconsideration Motion argues the validity of the Debtor's assignment of the Unclaimed Funds;

**WHEREAS** Courts generally review reconsideration motions under Federal Rules of Civil Procedure 59 and 60, made applicable by Federal Rules of Bankruptcy Procedure 9023 and 9024;

3

**WHEREAS**, in reviewing under Federal Rule of Civil Procedure 59, courts generally grant a motion for reconsideration if one of the following three scenarios are present: "(1) [a]n intervening change of controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice," *Singer v. Heckler*, 738 Fed.Appx. 88, 90 (3d Cir. 2018) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010));

**WHEREAS**, in reviewing under Federal Rule of Civil Procedure 60, courts may grant a motion for reconsideration of an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b);

**WHEREAS** Movant failed to show that he is entitled to reconsideration of the Denial Order pursuant to either Federal Rule of Civil Procedure 59 or 60;

**WHEREAS** Movant failed to demonstrate that Debtor was authorized to make the assignment of Unclaimed Funds during her pending Chapter 11 bankruptcy case;

**WHEREAS** Movant failed to demonstrate that the assignment was not an unauthorized post-petition transfer under 11 U.S.C. § 549;

**WHEREAS** Movant failed to demonstrate that Debtor was legally entitled to receive the Unclaimed Funds; and

**WHEREAS** Movant failed to explain the relationship between himself and the Debtor;

It is hereby

**ORDERED** that Reconsideration Motion is DENIED.

5

# EXHIBIT E

DR    14

**Fill in this information to identify the case:**

| Debtor 1 | Laura Nicoleau-Berman | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the District of New Jersey

Case number:   18-17673-SLM

2021 MAY -3

JEANNE A. NAUGHTON

BY: _____

---

Form 1340 (12/19)

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1. Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimants.

| Amount: | $3,427.20 |
|---|---|
| Claimant's Name: | Spring Solutions, LLC Assignee to Laura Nicoleau-Berman |
| Claimant's Current Mailing Address, Telephone Number, and Email Address: | P.O. Box 334<br>Glen Burnie, MD 21060<br>410.760.5841<br>springsolutionsllc@gmail.com |
| Reason Funds Were Not Received by Claimant | Debtor was unaware of the unclaimed funds or the process of retrieving them from the court. |

### 2. Applicant Information

Applicant[2] represents that Claimant is entitled to receive the unclaimed funds because (*check the statements that apply*):

☐   Applicant is the Claimant and is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.

☑   Applicant is the Claimant and is entitled to the unclaimed funds by assignment, purchase, merger, acquisition, succession or by other means.

☐   Applicant is Claimant's representative (*e.g.,* attorney or unclaimed funds locator).

☐   Applicant is a representative of the deceased Claimant's estate.

### 3. Supporting Documentation

☑   Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation, including separate affidavit, with this application.

---

[1] The Claimant is the party entitled to the unclaimed funds.
[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.
[3] The Owner of Record is the original payee.

**4.   Notice to United States Attorney**

☑✓   Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:

Office of the United States Attorney
District of New Jersey
Peter Rodino Federal Building
970 Broad Street, Suite 700
Newark, New Jersey 07102

| **5. Applicant Declaration** | **5. Co-Applicant Declaration (if applicable)** |
|---|---|
| Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |
| Date: _4/27/2021_ | Date: _____ |
| _Marquette Porter_ | _____ |
| Signature of Applicant | Signature of Co-Applicant (if applicable) |
| Marquette Porter, Managing Member | _____ |
| _____ | Printed Name of Co-Applicant (if applicable) |
| Printed Name of Applicant | |
| Address: P.O. Box 334 Glen Burnie, MD 21060 | Address: |
| Telephone:   410.760.5841 | Telephone:   _____ |
| Email:   springsolutionsllc@gmail.com | Email:   _____ |

| **6.  Notarization** | **6.  Notarization** |
|---|---|
| STATE OF _Maryland_ | STATE OF _____ |
| COUNTY OF _Anne Arundel_ | COUNTY OF _____ |
| This Application for Unclaimed Funds, dated _4/27/21_ was subscribed and sworn to before me this _27_ day of _April_, 20_21_ by | This Application for Unclaimed Funds, dated _____ was subscribed and sworn to before me this_____ day of_____, 20_____by |
| _Marquette Porter_ | |
| who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal. | who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal. |
| (SEAL)   Notary Public _T. Hm_ | (SEAL)   Notary Public_____ |
| My commission expires: _4/18/22_ | My commission expires: |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Marie-Ann Greenberg MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

IN RE:

LAURA NICOLEAU-BERMAN,                          Case No.:  18-17673 SLM

                                    Debtor

## NOTICE DEPOSITING UNCLAIMED FUNDS
## PURSUANT TO D.N.J. LBR 7067-1

Marie-Ann Greenberg, Trustee in the above captioned matter, states that the entire amount in the Trustee's Account has been disbursed and that the following funds remain unclaimed. The undersigned shall immediately forward a check to the Court in the amount of $3,427.20, payable to the Clerk, United States Bankruptcy Court. The party entitled to said funds is listed below together with the last known address and other additional information.

Payee Name & Address:      LAURA NICOLEAU-BERMAN - Debtor's Refund
                           7 WARNER ROAD
                           NEWTON, NJ  07860

Amount:                    $3,427.20

Trustee Claim Number:      0

Reason:                    Checks have been returned as undeliverable

                           By:   /S/  Marie-Ann Greenberg
Dated:  November 19, 2018          MARIE-ANN GREENBERG
                                   CHAPTER 13 STANDING TRUSTEE

## CERTIFICATE OF AUTHORITY

The undersigned Managing Member of Spring Solutions, an LLC duly organized under the laws of Maryland (hereinafter, "The LLC"), hereby certify that the following resolutions were duly adopted by said Managing Member of the LLC on January 6, 2020 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that Marquette Porter is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by her as being in the best interest of the LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in her opinion, in the best interest of the LLC.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of the _27th_ day of _April_, 2021

_Marquette Porter_
Marquette Porter

Corporate Seal

SUBSCRIBED AND SWORN TO BEFORE ME this _27_ day of _April_.
20_21_, in the County of _Anne Arundel_, State of _Maryland_.

_T.H._
Signature of Notary Public
Date Commission Expires: _4/18/22_

THOMAS HOFFMAN
NOTARY PUBLIC
ANNE ARUNDEL COUNTY, MD

Filing Date and Time: 1/8/2020 3:15:39 PM

Acknowledgment Number: 5000000003087573

# ARTICLES OF ORGANIZATION

The undersigned, with the intention of creating a Maryland Limited Liability Company files the following Articles of Organization:

(1) The name of the Limited Liability Company is:

Spring Solutions, LLC (W20192449)

(2) The address of the Limited Liability Company in Maryland is:

205 Gloucester Dr., Glen Burnie, MD, 21061

(3) The Resident Agent of the Limited Liability Company in Maryland is:

Marquette Porter

whose address is:

205 Gloucester Dr., Glen Burnie, MD, 21061

(4) Signature(s) of Authorized Person(s):

Marquette Porter

(5) Signature(s) of Resident Agent(s):

Marquette Porter

(6) Filing party's name and return address:

Ms . Marquette Porter, 205 Gloucester Dr., Glen Burnie, MD, 21061

I hereby consent to my designation in this document.



### LIMITED POWER OF ATTORNEY

I, Laura Nicoleau-Berman hereby appoints Spring Solutions, a Maryland limited liability company, and Marquette Porter, its Managing Member, (the "Company")as my lawful attorney and Agent (the "Agent") for me and in my name and stead, and for my use and benefit to claim Assets held for me by the United States Bankruptcy Court District of New Jersey (the "Assets"), giving and granting unto the Company, my said attorney in fact and Agent, full authority and power to exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may hereafter acquire, relating to the Assets as fully as I might or could do if personally present, including but not limited to any request by the Company as my Agent or the Company's Attorney-at-Law to the then holder of the Assets for the direct transmission to and receipt of the Assets paid to the Company and later disbursement to me in accordance with the outstanding Agreement between the Agent and me.

This Power of Attorney will cease twelve (12) months from date hereof.

IN WITNESS WHEREOF, I have signed this Power of Attorney this _17th_ day of _April_, 202_1_, and I direct that photographic copies of this Limited Power of Attorney be made, which shall have the same force and effect as an original.

Signed this _April_ day of _17th_ 202_1_

_____
Laura Nicoleau-Berman

SUBSCRIBED AND SWORN TO BEFORE ME this _17th_ day of _April_, 20_21_.

County of _Suffolk_
State of _New York_

_____
Notary Public

Date of Commission Expires:
_2-13-22_

Thomas E Palumberi
Notary Public - State of New York
Commission #01PA6140310
Suffolk, Nassau & New York Counties
Expires February 13, 2022

**Spring Solutions, LLC**
P.O. Box 334
Glen Burnie, Maryland 21061
www.springsolutionsllc.com

## ASSIGNMENT OF INTEREST IN UNCLAIMED FUNDS

**THIS AGREEMENT** entered into this 1st day of April 2021 by and between Marquette Porter, Managing Member of Spring Solutions, LLC, (hereinafter referred to as "Assignee" ) and whose current address is P.O. Box 334, Glen Burnie, Maryland, 21061 and Laura Nicoleau-Berman (hereinafter referred to individually as "Assignor") and whose current address is 703 Doctors Path, Riverhead NY 11901.

**WHEREAS** there has been a filing of a bankruptcy case and real estate property was sold or unclaimed funds remain due to a non-exemption, or a creditor claim.  The Assignor believes she has a right to the Unclaimed funds.

**WHEREAS**, Assignee agrees to pay all fees, and costs incurred for and related to the recovery of the Unclaimed funds ONLY if proceeds are collected.

**THEREFORE**, Assignor and Assignee do hereby covenant, promise, and agree as follows:

1. *Conveyance.*  Assignor does hereby convey, transfer and assign any and all rights, title, interest, and claims, including but not limited to, all statutory rights to any Unclaimed funds resulting from the bankruptcy case located at:

   United States Bankruptcy Court District of New Jersey
   Debtor- Laura Nicoleau-Berman
   Chapter 11
   Case no. 18-17673

2. *Rights Given.*  By this Assignment, the Assignor assigns to the Assignee the right to bring any action, application or otherwise to enforce collection or release of the Unclaimed funds, including any and all interest that may accrue, and attorney's fees and costs pursuant any available law or rule, and Assignee assigns the right to obtain any order in Assignor's name and to receive payment of the Unclaimed funds in Assignor's name.

3. *Collection of Surplus funds.*  Assignee hereby agrees to attempt within the best of her abilities to collect the Unclaimed funds. If Assignee collects any Unclaimed funds, Assignee shall pay Assignor the remaining balance after subtracting all service fees.

4. *Fees.*
   a. Spring Solutions, LLC fees are $856.80 of the unclaimed fund balance recovered.

5. *Confidentiality and Exclusivity.* Assignor and Assignee agree they will not release any information regarding this agreement to anyone except as required by law. Assignor also agrees that they will not sign any agreement with any other person or entity for the recovery of Unclaimed funds.

6. *Representation of Assignor.* The assignor represents and states that: a) the case was filed  b) The Trustee issued funds into the court registry to Assignor; c) everything represented by the Assignor is true and correct; and, d) Assignor is the person entitled to the Surplus funds; e) Assignor will cooperate fully with Assignee and her efforts to obtain the funds, and will do nothing to hinder them; f) That should the Surplus funds prove unobtainable for any reason, Assignor owes nothing.

7. *Representation of Assignee.* Assignee represents it will use its best effort to recover the greatest amount of surplus funds allowed by law. Assignee does not, however, promise that it will be able to recover the surplus funds. Assignee will act in accordance with all applicable laws.

**THIS IS AN IMPORTANT, LEGAL AND BINDING DOCUMENT.  DO NOT SIGN THIS ASSIGNMENT UNLESS YOU COMPLETELY UNDERSTAND IT.**

Name

Signature

Telephone 201 - 446 - 4302

Email: laura.nicoleaw99@Gmail.com

**Spring Solutions, LLC**

By: Marquette Porter, Managing Member
Phone: 410.760.5841
Email: springsolutionsllc@gmail.com

AO 213P (9/19)

# REQUEST FOR PAYEE INFORMATION AND TIN CERTIFICATION

Refer to the instructions page for further information on completing this form.

*Vendors providing goods and services must use the AO 213 form.*

**Part 1    Payee Information**

Line 1.    Payee Name:    Spring Solutions, LLC

Line 2.    Additional payee information: *(if applicable)* _____

**Part 2    Business Name** *(if different from above)*

**Part 3**    Enter your TIN in the appropriate box.    EIN: 8 4 _ 4 1 8 1 9 9 2

The TIN provided must match the name given in Part 1, Line 1.

*Enter only an EIN or SSN - NOT BOTH.*    SSN: _ _ - _ -

**Part 4    Select the appropriate box below for U.S. tax classification for person or entity listed in Part 1, Line 1.**

☑ Individual or single member LLC          ☐ Corporation *(Payments related to attorneys' fees or gross proceeds paid to attorneys)*

☐ LLC (Except single member)               ☐ Partnership

*(Select one:)* ☐ C Corp  ☐ S Corp  ☐ Partnership    ☐ Trust/Estate          ☐ Other: _____

**Part 5    Mailing Address**

Street address: P.O. Box 334

City:    Glen Burnie                                State: MD    Zip code: 21060

Point of Contact *(if different from Part 1, Line 1 above)*    Name: _____

Phone #:  410.760.5841                     Email Address: springsolutionsllc@gmail.com

**Part 6    Electronic Funds Transfer (EFT) Information** *(OPTIONAL)*

Owner(s) name as it appears on bank account:    Marquette Porter

Bank Name:  M&T Bank                    Routing #: *(Must contain 9 digits)*  0 5 2 0 0 0 1 1 3

Payee must select an account type: *(Select one)*   ☑ Checking  ☐ Savings

Account Number: *(do not include check number)*   9 8 8 3 8 9 5 5 0 1

**Part 7    Certification**

Under penalties of perjury, I certify that:

1.    The number shown on this form is my correct taxpayer identification number; and
2.    I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3.    I am a U.S. citizen or other U.S. person (defined in the instructions).

The IRS does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signature: *Marquette Porter*                                    Date: 4/27/2021

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### For Judiciary Use Only

Select those boxes that apply:    ☐ Addition    ☐ Change    Vendor Code: _____

☐ Active    ☐ Inactive    Vendor Type: _____

*(Trustee or Vendor)*

Vendor Administrators: Attach this form to the JIFMS MANL document. This form can also be submitted, subject to separation of duties requirements, via HEAT at: https://nsms.ao.dcn. The service request can be found under Financial Management Services> JIFMS Vendor Additions or Updates. For FAS4T users (CCAM only), send this form to the local court vendor administrator. For questions regarding JIFMS and court FAS4T, please contact the National Support Desk at (210) 536-5000. This form should be completed including the vendor's signature and submitted by Judiciary staff only.

*Sensitive information must be securely maintained and only visible to designated staff.*



y Solutions, LLC
Box 334
Burnie, MD 21060

U.S. Bankruptcy Court
Attn: Financial Department



U.S. POSTAGE
$1.40
FCM LG ENV
Date of sale
04/27/21K
06
1148722225K
999710427141631



# SPRING SOLUTIONS, LLC

April 27, 2021

United States Bankruptcy Court
Attn: Financial Department
50 Walnut Street
P.O. Box 1352
Newark, NJ 07102

> RE:    Laura Nicoleau-Berman
>        Ch 11- case no. 18-17673-SLM
>        Unclaimed Funds

Dear Sir or Madam:

My name is Marquette Porter Owner of Spring Solutions, LLC and I am the successor claimant for the above-mentioned debtor. I am enclosing to you the following for processing:

- o  Application for Unclaimed Funds
- o  Supporting Documents

Please review this Application and let me know if you need anything further.

Regards,

Marquette Porter
springsolutionsllc@gmail.com
410.760.5841

cc: U.S. District Attorney

P.O. BOX 334
GLEN BURNIE, MD 21060-0334
410.760.5841

2021 MAY -3  AM 8: 39  JEANNE A. NAUGHTON

BY:

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

In Re:    Laura Nicoleau-Berman          *          Case No.  18-17673-SLM

                                         *

          Debtor                         *          Chapter 11

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___27th___ day of ___April___, 2021, a copy of the foregoing Application of Unclaimed Funds and supporting documents were served by first class mail to:

Office of the United States Attorney
District of New Jersey
Peter Rodino Federal Building
970 Broad Street, Suite 700
Newark, New Jersey 07102

Date: 4/27/2021

Marquette Porter, Managing Member
Spring Solutions, LLC
P.O. Box 334
Glen Burnie, MD 21060
410.760.5841
springsolutionsllc@gmail.com

∂

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Marie-Ann Greenberg MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 Two Bridges Road
Suite 330
Fairfiled, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

In Re:

LAURA NICOLEAU-BERMAN

Case No.:        18-17673

Chapter:         11

Judge:           MEISEL

## ORDER GRANTING APPLICATION FOR
## PAYMENT OF UNCLAIMED FUNDS

The relief set forth on the following page is **ORDERED.**

On _____, an application was filed for the

Claimant(s), _Spring Solutions, LLC Assignee to Debtor_, for payment of unclaimed funds

deposited with the court pursuant to 11 U.S.C. § 347(a). The application and supporting

documentation establish that the Claimant(s) is entitled to the unclaimed funds; accordingly, it is

hereby

ORDERED that pursuant to 28 U.S.C. § 2042, the sum of $_3,427.20_____ held in

unclaimed funds be made payable to _Spring Solutions, LLC_____

and be disbursed to the payee at the following address:

_P.O. Box 334_____

_Glen Burnie, MD 21060_____

_____

_____

The Clerk will disburse these funds not earlier than 14 days after entry of this order.

*rev. 12/1/19*

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Marie-Ann Greenberg MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ  07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

**IN RE:**

**LAURA NICOLEAU-BERMAN,**                                       Case No.:  **18-17673 SLM**

                                                    **Debtor**

## NOTICE DEPOSITING UNCLAIMED FUNDS
## PURSUANT TO D.N.J. LBR 7067-1

Marie-Ann Greenberg, Trustee in the above captioned matter, states that the entire amount in the Trustee's Account has been disbursed and that the following funds remain unclaimed.  The undersigned shall immediately forward a check to the Court in the amount of $3,427.20, payable to the Clerk, United States Bankruptcy Court. The party entitled to said funds is listed below together with the last known address and other additional information.

Payee Name & Address:    LAURA NICOLEAU-BERMAN - Debtor's Refund
                         7 WARNER ROAD
                         NEWTON, NJ  07860

Amount:                  $3,427.20

Trustee Claim Number:    0

Reason:                  Checks have been returned as undeliverable

                                      By:   /S/  Marie-Ann Greenberg

Dated: November 19, 2018              MARIE-ANN GREENBERG
                                      CHAPTER 13 STANDING TRUSTEE



USPS packaging products have been awarded Cradle
to Cradle Certification™ for their ecologically-intelligent
design. For more information go to mbdc.com/usps

Cradle to Cradle Certified™ is a certification mark of MBDC.

Customs forms are
International Mail I
or ask a retail assoc

INTERNATIONAL
4-POUND WEIGH
INTERNATIONAL

Any amount of mailab
as the envelope is no
entirely confined with
provided as the mear

UNITED STATE

Country of Destination:/Pays de destination:



| | |
|---|---|
| **P** | US POSTAGE & FEES PAID<br>PRIORITY MAIL<br>ZONE 3 FLAT-RATE ENVELOPE<br>ComBasPrice |

062S0005018458
FROM 23230

stamps
endicia
06/01/2021

# PRIORITY MAIL 2-DAY™

JM Partners LLC                    **0006**
6800 Paragon Place, Ste 202
Richmond VA 23230

C014

SHIP
TO:     US Bankruptcy Court
        ATTN: Clerks Office
        50 Walnut Street
        Newark NJ 07102-3551

## USPS TRACKING #



9405 5118 9956 0002 9560 39

POSTAGE REQUIRED



